CLAYTON ET AL VS. PHIPPS ET AL.

1. Asking delay, and a promise to pay a negotiable note, by the endorser, after it falls due, dispenses with proof of presentment to the maker, or notice to the endorser.—Dorsey vs. Watson, ante, p. 59.

## APPEAL from Franklin Circuit Court.

### STATEMENT OF THE CASE.

This suit was brought on a note for $387 63, dated at St. Paul, Missouri, 17th Oct. 1848, signed by Griffin as maker and payable eight months after date to Thomas F. Clayton, or order, for value received, negotiable and payable, without defalcation or discount, with interest from maturity at the rate of 6 per cent. per annum, which was endorsed before maturity and delivered to Romulus J. Poindexter, who, before it was due, endorsed and delivered it to Phipps and others, a mercantile firm, in whose name the suit was brought in the court below. The petition alleges due presentment at maturity to the maker for payment and dishonored and due notice given to the endorsers. The writ was served on Clayton alone.

The answer of Clayton does not deny, and of course admits the note, endorsements, &c., and alleges as the only defence that "plaintiffs have not used due diligence against the maker

Clayton et al vs, Phipps et al.

of said note, and that there is no legal obligation upon the part of the defendant to pay the same, and that John A. Griffin the maker of said note at the maturity of the same, and for some time after, was perfectly able to pay the same, but that plaintiffs failed in any way to coerce the payment of the same."

A replication was filed that plaintiffs did use due diligence and took necessary steps for collection of the same, and also a further special replication.

Judgment was given for the amount of the note, in September, 1850.

Motion for new trial, for usual causes, overruled.

The testimony was that Clayton, from October, 1849, down to some time in the summer of 1850, repeatedly promised to pay the note, on different occasions.

The bill of exceptions does not show that it contains all the evidence.

## STEVENSON, for appellant:

I. That the evidence offered by the plaintiff below (appellees here) was not pertinent to the issue in case, which was that defendant was endorser of the note sued on, and as such liable to pay the same, the maker being duly presented with the note, refusing to pay the same, and due notice thereof given to the appellant, and judgment upon the same should have been. for defendant below.

II. That the judgment of the circuit court was given without sufficient evidence to charge appellant with any indebtedness.

III. That to render appellant liable, it was necessary for plaintiffs below to have shown, either that there had been due presentment of the note to the maker, refusal to pay, and notice to appellant as endorser, or subsequent promises to pay the note with a full knowledge by the appellant of the failure to present the note to the maker, refusal to pay on a full knowledge of his discharge from liability to pay the note, or a waiver of the necessity of notice of the dishonor of the note by Clayton, either express or implied.

*Authority.*—S, & W. Wilson vs. Huston, pamphlet, January term Supreme Court of Mo., 1850, page 146, and several authorities therein referred to.

## SPALDING & SHEPLEY, for respondents.

I. The record does not show the whole of the testimony in the case. The bill of exceptions does not expressly, or impliedly represent that the evidence therein set forth was all the evidence given in the case. 7 Mo. R. 4; 4 Mo. R. 18.

II. The evidence shows repeated promises of Clayton, the endorser, to pay the note, getting thereby time for payment until he was sued. These promises were made after the note was due. This is waiver of presentment and notice, or rather is evidence of it sufficient (Ch. on Bills, 390) that delay in presentment for payment is excused or waived by subsequent promise.

Ib., 499, 500, 501, 502. Consequences of neglect to give notice of non-payment of a bill or note may be waived. 7 East. 231 ; 6 East; 16.

12 Peters, 497. "A party to a note, entitled to a notice, may waive it by a promise to see it paid, or an acknowledgment that it must be paid."

3 John., 68. Where endorser promises to pay, a previous demand of maker and notice to endorse are to be presumed.

12 Mass. 52. If endorser of a negotiable note promise to pay it, it is waiver of notice and demand, if he have knowledge of laches, and such knowledge may be presumed. 6 Munf., 487.

12 Wheat. 183. A promise to pay by endorser is a waiver of demand and notice, 4 Rand. 464.

Clayton et al. vs. Phipps et al.

2 Conn., 487 ; 4 Dana, 103. That even a promise to pay before due is a waiver of demand and notice. 4 Pick. 525.

Chit. on Bills, 502-3. It was once held that a misapprehension of legal liability would prevent subsequent promise from being a waiver ; but this is not law. 2 East. 469 ; 5 Lawton 143 ; 1 B. & P. 326 ; 12 East. 38 ; 2 Camp. 232.

3 Camp. 332· That the subsequent promise is evidence of the notice being given, and the party is presumed to know of the laches or failure to pay. The party to the bill or note is presumed to know when it falls due.

1 Mo. R. 35, Pratt vs. Hunley. When a bill is protested for non-payment, and no notice given to drawer, evidence of a subsequent promise to pay should go to the jury as evidence of a waiver of notice.

5. Mis. R. 544. That promise by drawer of bill raises the presumption that he had received notice of dishonor, and that promise to pay as soon as he could collect money was absolute in effect.

Story on Prom. Notes, sec. 359. That a promise to pay by endorser is not a waiver, but independent evidence that notice has been given, and must be rebutted by proof that notice has not been given.

Ib., sec. 362. A waiver is where no notice is given of dishonor, and the party with full knowledge of this promises to pay, &c., both English and American cases establish this. Sec. 364.

III. The answer in this case admits presentment and notice. It insists that defendant Clayton is not liable, for the reason that due efforts were not made to coerce the collection from the maker.

This doctrine does not apply to the case ; for the note sued on was a negotiable one, according to the statute, and no other diligence was necessary but presentment and notice.

But presentment and notice, though formally charged in the petition, are not put in issue by the answer. The answer merely alleges that defendant is not liable, which is merely a demurrer. It does not state that no presentment was made or notice given.

Therefore, the court ought to have given judgment for plaintiff, even if no evidence had been introduced; as the answer admitted, by not denying the facts alleged in the petition, and sets up as a defence a matter totally inherent, viz: that the maker was not first sued.

Acts of Assembly of 1848-9, p. 82, sec. 12. "And every material allegation in the petition not specifically controverted in the answer, &c., shall for the purposes of the action be taken to be true."

Ibid, p. 80, sec. 7, enacts that the answer must contain in regard to each allegation of the petition controverted by the defendant, " a specified denial thereof, or, of any knowledge thereof sufficient to form a belief " This is the only mode of putting the allegation in issue. If this is not done, the allegation stands confessed.

Ib., p. 88-9, "Issues and modes of trial." This defines issues, &c.

RYLAND, J., delivered the opinion of the court.

From the above statement, the question of most importance in this case is, did the promise of the defendant to pay the note after its maturity afford evidence of the waiver of presentment and notice ?

This action was on a negotiable note against the endorser. The defence relied on was that due diligence had not been used by the holder against the original maker of the note, averring that the maker was am-

31

ply solvent at the maturity of the note and for a considerable time afterwards.

The proof shows that the endorser frequently promised to pay the note after it was due. The note was presented to him, and he promised to pay it to the plaintiff's attorney from time to time, thereby obtaining indulgence on said note; asking the plaintiff's attorney not to sue him, he would pay it sooner than it could be obtained by law, and he desired to avoid the costs of suit.

We think these promises made by the endorser to pay this note did away with the necessity of proof of presentment and notice.

The principles involved in this case are somewhat similar to those of the case of Dorsey vs. Watson decided at this term of the court, to which we refer.

From all appearing on the record in this case, we find nothing warranting an interference with the judgment below. It is, therefore, affirmed.