McCORMACK *et al.*, *Appellants*, v. GILLILAND.

**Conversion**: SALE ON TRIAL: VENDOR'S REMEDIES ON CONTRACT. Plaintiff sold defendant a machine with warranty, to be paid for if upon trial it proved to be as warranted. After trying it, defendant declined to take it and so notified plaintiff, but continued to use it for some days. He then offered to return it to plaintiff, but plaintiff refused to receive it, and thereupon defendant left it on the sidewalk in front of plaintiff's store-room. *Held*, that these facts would not sustain an action for conversion. If the machine was really what it was warranted to be, plaintiff's remedy was by action on the contract for the purchase-price; if not he could still have recovered for the use of the machine after defendant gave notice that he would not take it.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*O. L. Houts* for appellants.

Any use of property unauthorized by the true owner, which has caused damages, is a conversion. 13 Cent. Law Jour. 185, 188; *Neiswanger v. Squier*, 73 Mo. 192; *Williams v. Wall*, 60 Mo. 318; *Huxley v. Hartzell*, 44 Mo. 370. And this is the case, although in its inception the defendant's possession was lawful. 2 Wait's Actions and Def., 164. Demand is unnecessary in order to maintain an action for conversion, where there has been an actual conversion, though the defendant became lawfully possessed of the goods. Demand and refusal is only one way of establishing a conversion. *Himes v. McKinney*, 3 Mo. 382; *Huxley v. Hartzell*, 44 Mo. 370; *O'Donoghue v. Corby*, 22 Mo. 396; *McPherson v. Neuffer*, 11 Rich. (S. C.) 267. Return of property after or before suit commenced, goes only in mitigation of damages. *Powers v. Bassford*, 17 How. Pr. 309; *Sparks v. Purdy*, 11 Mo. 219. Defendant, in an action of conversion, seeking to justify his possession or use of property, by proof of contract, must show that he complied

with the terms of the contract, whether of purchase or bailment. *Crocker v. Gullifer*, 44 Me. 491; *Graves v. Smith*, 14 Wis. 5; *Ripley v. Dolbier*, 18 Me. 382.

*John F. Philips* for respondent.

This is an action of trover and cannot be sustained because there was no wrongful conversion. 1 Chit. Pl., 146, 148. Defendant obtained possession under a contract. 1 Chit. Pl., 154. To maintain trover, there must be either a taking from the owner, without his consent, an unwarranted assumption of ownership over the thing, or an illegal use or abuse of it; or there must be proof of demand and refusal. *Kennet v. Robinson*, 2 J. J. Mar. (Ky.) 84. "There must be a destruction of plaintiff's property, or some unlawful interference with his use, enjoyment or dominion over it; or an appropriation of it by the defendant to his own use in disregard or defiance of the owner's rights." *Rand v. Oxford*, 34 Ala. 477. How could plaintiffs maintain trover when, according to their reply and proof, the sale was complete, the warranty not broken? By the very terms of the contract set up in the reply, they were neither the owners of the property nor entitled to the possession. *Clark v. Draper*, 19 N. H. 419. Their remedy was on the contract. *Moses v. Norris*, 4 N. H. 304; *Duncan v. Fisher*, 18 Mo. 403. The continued use of the machine by defendant was but an affirmance of its serviceability, and so far from being a *tort* on plaintiffs' right, it furnished them proof to maintain an action on the contract. Under our code of practice, less than at common law, a suitor cannot sue in trover and recover on a contract; nor can he maintain trover under the facts of this case. *Harris v. R. R. Co.*, 37 Mo. 307; *Ensworth v. Barton*, 60 Mo. 511, 515; *Carson v. Cummings*, 69 Mo. 325; *Waldhier v. R. R. Co.*, 71 Mo. 514; *Duncan v. Fisher*, 18 Mo. 404, 405.

HOUGH, C. J.—In June, 1878, the plaintiffs sold to the

defendant, subject to trial, an automatic binder and harvester, for $300, and wire to be used therewith worth $48.24. The binder was warranted to do good work, and if found, on trial, to be as warranted, the defendant was to pay for the same. After trying it, the defendant declined to take it, and so notified plaintiffs' agent, and about ten days thereafter the defendant hauled it to Holden, where he had obtained it, and unloaded it on the sidewalk in front of the plaintiffs' store-room. Plaintiffs' agent, having charge of the store-room, testified that he refused to receive it. It appears that the defendant used the machine several days after he had notified plaintiffs' agent that he would not take it. On this state of facts plaintiffs instituted the present action, charging the defendant with a conversion of said machine. The facts will not support such an action. If the machine was in reality what it was warranted to be, plaintiffs' remedy was by action on the contract for the purchase price. If the machine was not what it was warranted to be, and an action for the purchase price could not, therefore, be maintained, plaintiffs might nevertheless maintain an action for the use of the machine after defendant notified plaintiffs' agent that he would not take it, and for the value of the wire consumed by him.

The judgment of the circuit court, which was for the defendant, will be affirmed. The other judges concur