D. Austin et al., Respondents, v. George J. Keat-
ing, Appellant.

### Kansas City Court of Appeals, February 15, 1886.

Contracts—Requisites for Recovery Upon—When Upon Quantum
Meruit.—Where there is a special contract for material to be fur-
nished and work to be done, before the contractor can recover *on
the contract*, he must show a substantial compliance with its terms
in every essential particular. Yet, where, as in the case of build-
ing contracts, or for improvements and repairs, the services ren-
dered and building erected, or improvements made, are of some
value to him for whom they were performed, and he *has kept and
used them*, although the thing done may not be such as the con-
tract requires, the contractor may, nevertheless, recover what it is
reasonably worth to the owner of the premises, not exceeding the
contract price, after deducting any damages reasonably and proxi-
mately resulting from the breach of the contract. The ground of
recovery is the *reception and use of materials* and labor furnished
under a contract not complied with, but which in equity ought to
be paid for, at a price commensurate with their value to the party
using them, not exceeding the contract price. *McCormack v.
Gilliland*, 76 Mo. 655, distinguished.

Appeal from Jackson Circuit Court, Hon. F. M.
Black, Judge.

*Affirmed.*

Statement of case by the court.

The petition contains three counts. The first count
is based on a contract, of date July 19, 1883, whereby
the plaintiffs agreed to furnish and put in defendant's
dwelling house in Kansas City a furnace for heating it.
The contract specified the quality and dimensions of the
furnace, and its heating capacity. The contract price,
for which suit was brought, is nine hundred dollars.
The second count is based on a *quantum meruit*, for
the value of the furnace, and work done. The third count
is for other material furnished and work done by plaintiffs
in and about the house. This last count is not disputed.

The jury found the issue on the first count for defendant, and no question is made here as to it. The controversy is as to the issues arising on the second count. The defendant claims that the furnace wholly failed to answer the purpose for which defendant contracted, while the plaintiffs claim that defendant, after discovering its defects, continued to hold and use it under circumstances which entitle plaintiffs to recover for its reasonable value to the defendant. After the furnace had been in defendant's house for some time, and efforts had been made by plaintiffs to rectify its imputed defects, the defendant sent plaintiffs the following letter:

"KANSAS CITY, Mo., January 12, 1884.
"Messrs. D. Austin & Co.

"GENTLEMEN:—Your steam heating apparatus you placed in my dwelling house still does no good, and fails to heat the premises, hence I now notify you that I will not accept it, but that the same remains your property, and that without any further annoyance in the meantime to the members of my family, I want you to remove the same from my premises as soon as winter is passed and season so same can be taken out of the house without endangering the health of the members of my family.

"Yours,
"GEO. J. KEATING."

To which plaintiffs sent the following answer:

"January 25, 1884.
"Geo. J. Keating, Esq.

"DEAR SIR:—I was surprised to get your letter dated January 12; sorry to see the unfairness which seems to have prompted the same in all its bearings. But in reply would say that we recognize the fact that a contract exists between us and by which both parties are bound. We, as one party to the contract, have complied, as we suppose, to the expressed conditions of the same. If it should appear otherwise to you, and you will be good enough to name wherein we are at fault, we stand ready and willing to carry out each and every pro-

vision of the same, as we understand our duties to be in the matter, and, if after further efforts upon our part you still remain dissatisfied, we will further agree to select a practical steam man, whose duty it shall be to confer with another one, who is practical, that you may select, and they two shall proceed to examine the work in all its details, and we will agree to make good any part that shows a deficiency in workmanship or want of proper construction. And in case such two persons cannot agree upon a decision, that they have the right to call in a third person to act with them, and a majority of the board so called shall constitute the decision. We are confident that we can do, have done and are doing steam heating of much greater magnitude than yours to the entire satisfaction of the parties."

To this letter defendant made no reply. Defendant continued to use the furnace so long as fires were needed in the house that season, and until after first of April following.

The court after rejecting all, save one, of the declarations of law asked by defendant, gave the following instruction applicable to this issue:

"3. If you find that the plaintiff failed to comply with the terms of the contract, then you will consider the evidence with respect to the second count, and with respect to this you are instructed as follows:

"If the plaintiff did furnish material and put into defendant's house a heating apparatus, and considering the same as it was done and the purposes for which it was designed, it is of value to the defendant, and that the defendant has and does use the same and keep it in his house, then you will determine what that value to the defendant is, and from this value you will deduct the damage, if any is shown, which the defendant has sustained by reason of the failure on the part of the plaintiffs to comply with the terms of their contract, and the balance, if any there is found for the plaintiffs, you will allow them on the second count. If the work is

really of no value to the defendant, or if of some value, and the said damages exceed such value of the apparatus to the defendant, then you will find for the defendant on the second count."

The jury returned a verdict for plaintiffs in the sum of five hundred dollars. Defendant has brought the case here on appeal.

P. S. BROWN and C. O. TICHENOR, for the appellant.

I. Will this court force a man to take an article which is of no use to him ; which he does not wish, and which is the opposite of the thing contracted for ? To sustain the instructions asked by the defendant and refused, we refer to the following: *Maxwell v. Brown*, 39 Me. 101 ; *Remick v. Sanford*, 120 Mass. 316 ; *Brewster v. Taylor*, 63 N. Y. 587 ; *Yeats v. Ballentine*, 56 Mo. 530 ; *Haysler v. Owen*, 61 Mo. 275 ; *Compton v. Parsons*, 76 Mo. 455 ; *McCormack v. Gilliland*, 76 Mo. 656.

LATHROP & SMITH, for the respondents.

I. The law as laid down by the circuit court has received the express sanction of the supreme court of the state in repeated adjudications. *Yeats v. Ballentine*, 56 Mo. 530 ; *Haysler v. Owen*, 61 Mo. 270 ; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489 ; *Davis v. Brown*, 67 Mo. 313.

II. Where a party fails to perform his work according to the stipulations of his agreement, he cannot recover on the special contract, but if the services rendered by him or the materials furnished are valuable to the other party, and are accepted by such party, he is liable to pay the actual value of the work or materials, not exceeding the contract price, after deducting for any damage which had resulted from a breach of the agreement. *Eyerman v. Cemetery Ass'n*, 61 Mo. 491.

III. Acceptance as a *waiver* is not the ground of re-

covery on a *quantum meruit.* It is because the work *is of value to the proprietor, and if it is no value there can be no recovery.* Yeats v. Ballentine, 56 Mo. 538.

Philips, P. J.—I. The sole question here is, is the declaration of law above given correct? The general rule of law respecting such issues is stated as follows by Parsons on Contracts, volume 2, page 522-3, 7th Ed.: "Where parties make a contract which is not apportionable, no part of the consideration can be recovered in an action on the contract, until the whole of that for which the consideration was to be paid is performed. But it must not be inferred from this that a party who has performed a part of his side of a contract, and has failed to perform the residue, is in all cases without remedy. For though he can have no remedy on the contract as originally made, the circumstances may be such that the law will raise a new contract, and give him. a remedy on a *quantum meruit.* * * * The law will imply a promise on his part to remunerate the other party for what he has done at his request; and upon this promise an action may be brought. * * * If the other party has derived a benefit from that part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part to pay such a remuneration as the benefit conferred upon him is reasonably worth; and to recover that quantum of remuneration, an action of *indebitatus assumpsit* is maintainable."

The correctness of this text has been uniformly recognized by our supreme court. *Yeats v. Ballentine,* 56 Mo 530. Without reviewing the decisions, we deduce the following as the well settled rule in this state: Where there is a special contract for material to be furnished and work to be done, before the contractor can recover on the contract, he must show a substantial compliance with its terms in every essential particular. Yet, where, as in the case of building contracts, or for improvements and repairs, the services rendered and build-

ing erected, or improvements made, are of some value to him for whom they were performed, and he has kept and used them, although the thing done may not be such as the contract requires, the contractor may, nevertheless, recover what it is reasonably worth to the owner of the premises, not exceeding the contract price, after deducting any damages reasonably and proximately resulting from the breach of contract. *Yeats v. Ballentine, supra; Lee v. Ashbrook*, 14 Mo. 399; *Marsh v. Richards*, 29 Mo. 105; *Lowe v. Sinclair*, 27 Mo. 310; *Creamer v. Bates*, 49 Mo. 525; *Lamb v. Brolaske*, 38 Mo. 53; *Haysler v. Owen*, 61 Mo. 270; *Davis v. Brown*, 67 Mo. 313.

In what respect the case at bar presents any features or incidents which ought to distinguish it in principle, or except it from the operation of the foregoing rule, I am, after an examination of all the authorities cited, and a careful review of the evidence, unable to discover.

While the evidence on behalf of defendant justified the verdict of the jury on the first count, the whole of the evidence strongly tended to show that the furnace was of some value to the defendant. While the heat furnished did not come up, in degree and regularity, to the requirements of the contract, it, in a measure, did warm the house, and that, too, through a winter of unusual severity, whereby defendant and his family were enabled to inhabit it.

The only remaining question, therefore, is: Did the defendant keep and use the furnace under circumstances from which the law will raise the implication of acceptance creating an obligation to pay the reasonable value of the work and materials? The question is not whether the defendant by the continued use waived the noncompliance with the contract on plaintiffs' part. This "is not the ground upon which courts have allowed a recovery on a *quantum meruit*. It is because the work is of value to the proprietor." *Yeats v. Ballentine, supra*, 538–9.

The evidence shows that the furnace was put in the house in the early part of winter, and that after experi-

menting with it to defendant's satisfaction, he was displeased with it, and determined not to pay for it, as it did not come up to the requirements of the contract. By his letter of January 12, he declared to the plaintiffs his determination, and his election, to allow of no further experiments, and none were permitted after that. It may be conceded, for the purposes of this case, that had the defendant then unconditionally notified plaintiffs that the contract was broken, and that they were at liberty to immediately remove the furnace, they had the right to do so. But the difficulty in defendant's way is, that he did not so notify the plaintiffs. He made only a conditional offer of surrender of the furnace. He coupled with his election to insist on the letter of the contract the declaration that he intended to hold and use the furnace until "winter is passed." This he could not do. By thus electing to hold and use the furnace he admitted it was of service to him, as being essential to the health of his family, and his ability to occupy his house during the winter. No matter what the cause of its continued detention and use, after he became satisfied of its failure to meet the requirements of the contract, he thereby accepted it. The law says, for this retention and use he must pay the reasonable value of the property and work. "The ground of recovery is the reception and use of materials and labor furnished by plaintiffs, under a contract not complied with, but which in equity ought to be paid for, at a price commensurate with their value to the party using them, not exceeding the contract price." *Yeats v. Ballentine, supra.*

It is no answer to this inflexible rule of law and equity to say, as did the defendant, that owing to the absence of other means of warming my house, and the extreme cold weather, my retention and use were an enforced acceptance. This excuse would avail equally any owner who moved into a house in the midst of winter and continued to occupy it where the contractor had failed to construct it according to contract. For any inconvenience, expense or injury to the defendant, re-

sulting directly, or proximately, from the breach of the contract, the plaintiffs would have been liable in a proper action.

Counsel for appellant cite the following language employed by Hough, J., in *McCormack v. Gilliland* (76 Mo. 655): "If the machine was not what it was warranted to be, and an action for the purchase price could not, therefore, be maintained, plaintiffs might never theless maintain an action for the use of the machine after defendant notified plaintiff's agent that he would not take it," etc.

This enunciation, presumably, is invoked as authority for the proposition that plaintiff's only remedy was an action for the value of the use of the furnace after the date of the notice in January.

This is inadmissible. The thing in the mind of Judge Hough was to combat the idea of the action of conversion lying in that case. He, therefore, suggested, merely as among the remedies open to the plaintiff, an action for the use. It was not an exclusive remedy. Certainly he did not intend to say that the plaintiff might not have sued on a *quantum meruit*, and introduced the fact of the continued use of the machine as evidence of acceptance. In other words it is not just to him nor the court to say, that by the suggestion it was the purpose of the court to overturn the whole line of adjudications, noted in this opinion, so carefully considered, and often asserted.

The instruction of the court authorized the jury to allow the defendant any damage incident to the breach of the contract; and as the verdict was for a sum, less by four hundred dollars than the contract price, it appears the jury observed and comprehended the scope of the court's direction. The instruction is approved by the court in *Yeats v. Ballentine;* and as there was evidence to support it, and it covered the principles of law applicable to the case, the judgment should be affirmed.

It is accordingly so ordered. All concur.