## J. W. FREEMAN, Appellant, v. J. W. AYLOR *et al.*, Respondents.

### Kansas City Court of Appeals, May 20, 1895.

1. **Action: CONTRACT: PERFORMANCE.** Where there is a special contract, before the contractor can recover on the contract, he must show a substantial compliance with its terms in every sense and particular.

2. ———: **QUANTUM MERUIT.** Where service rendered, building erected and improvements made are of some value and have been kept and used, the contractor may recover the reasonable worth not exceeding the contract price, although the thing done will not be such as the contract requires.

3. ———: ———: **EVIDENCE.** If there is any substantial evidence tending to prove that the material and work were of any value and were kept and used under circumstances which imply acceptance, the case should go to the jury to determine the reasonable worth thereof and deduct the damages resulting from noncompliance with the contract.

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED AND REMANDED.

*Fred BaSom* and *M. G. McGregor* for appellant.

(1) The appellant's evidence showed a right of recovery under both counts of his petition and the case should have been submitted to the jury. The suit on the first count was on the contract as modified and changed and the evidence tended to show a performance, except in particulars where defendants had accepted performance in another way, or had themselves pre-

vented performance, and waived the full performance. *Heating & V. Co. v. Bissell*, 41 Mo. App. 428–431; *Smith v. Haley*, 41 Mo. App. 619; *Rude v. Mitchell*, 97 Mo. 370; *Yeats v. Ballentine*, 56 Mo. 535; *Haysler v. Owens*, 61 Mo. 274, 275; *Marsh v. Richards*, 29 Mo. 104–106; *Mfg. Co. v. School District*, 54 Mo. App. 376; 2 Greenleaf's Ev. [9 Ed.], sec. 108, p. 102. (2) The plaintiff made out a *prima facie* case on *quantum meruit*, on his second count. His right to recover depended only on his having furnished materials and performed work and labor for the defendants in the line of his contract, of value to them. Completing the work and running the plant was not a condition to his recovery, and his suit was not prematurely brought, and the jury should have been permitted to say whether or not he could recover. *Austin v. Keating*, 21 Mo. App. 34; 2 Greenleaf on Ev. [9 Ed.], sec. 104, p. 96, sec. 136a, p. 142; *Yeats v. Ballentine, supra; Linnenkohl v. Winkelmeyer*, 54 Mo. App. 571; *Kelly v. Romane*, 33 Mo. App. 443; *Gregg v. Dunn*, 38 Mo. App. 286; *Williams v. Railroad*, 112 Mo. 491; *Neenan v. Donaghue*, 50 Mo. 495; *Moore v. Mfg. Co.*, 113 Mo. 107–109; *Ahern v. Boyce*, 19 Mo. App. 555; *Eyerman v. Cemetery Ass'n*, 61 Mo. 491; *Williams v. Porter*, 51 Mo. 442, 443; 2 Addison on Contracts, sec. 858, p. 543; *I. & S. Works v. Kossuth Co.*, 44 N. W. Rep. (Iowa) 216; *Hayward v. Leonard*, 7 Pick. (Mass.) 181; 3 Am. and Eng. Encyclopedia of Law, 921; *Dobbins v. Edmonds*, 18 Mo. App. 314–316; *Little v. Mercer*, 9 Mo. 219; *Nearns v. Harbert*, 25 Mo. 354.

*McReynolds & Halliburton* for respondent.

(1) The plaintiff's right of recovery is dependent upon the condition when the action is brought. *Werth v. Springfield*, 22 Mo. App. 12–17, and authorities cited;

*Vandike v. Maddix*, 23 Mo. App. 192. (2) In this case the plaintiff according to his petition and testimony, having failed to comply with the contract he must recover on a *quantum meruit*. To do this he must show that the work was not only delivered by him but accepted by defendant. *Yeats v. Ballentine*, 56 Mo. 530–537, and the authorities there cited, where the question is fully discussed; *Callahan v. Morse*, 37 Mo. App. 198; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489. (3) It is elementary law, that a plaintiff must recover, if at all, on his right of action as it existed at the institution of his suit. One can not bring another into court and tax him with cost in defending against a nonexisting right, upon the ground that a right may be created pending the procedure. *Grier v. Fox*, 4 Mo. App. 522; *Brown v. Shock*, 27 Mo. App. 355; *Mason v. Barnard*, 36 Mo. 391; *Turk v. Stalie*, 53 Mo. 438; *Tobin v. McCann*, 17 Mo. App. 483; *Hearn v. Keath*, 63 Mo. 86–88; *McDowell v. Morgan*, 33 Mo. 555, 556.

SMITH, P. J.—The plaintiff's petition contained two counts. The first was on a written contract, whereby the plaintiff agreed to furnish certain materials and erect for defendants certain parts of a mining and pumping plant, to be completed in forty working days, provided plaintiff was not delayed by rain, or in getting timbers, stone and materials, for all of which defendants were to "pay plaintiff $1,600 in cash, after said plant had been connected up and run for five days."

The other was in form *indebitatus assumpsit* to recover on *quantum meruit*.

The answer was a general denial, supplemented with a counterclaim for damages resulting from certain alleged breaches of the contract by the plaintiff.

At the trial, on the conclusion of the plaintiff's evidence, the court, at the request of defendants, gave

an instruction in the nature of a demurrer, and there-upon the plaintiff suffered a nonsuit, and after an unsuccessful motion to set the same aside, appealed.

The contract was dated April 24, 1893. The evidence tends to show that it was completed in the latter part of July. This suit was begun August 19. Between the completion of the work and the bringing of the suit, the defendants erected a building over and around the plant and locked the doors thereof. The plant was not run five days before the suit was brought, though there was some evidence adduced which tended to prove that this was occasioned by the fault of the defendants, in not making certain connections with the pumps and in not furnishing steam. It may be that the court did not err in holding, in effect, that the plaintiff's action on the contract was prematurely brought; but since this action of the court in this regard is not assigned as one of the grounds of error, we shall pass it by without further notice and proceed to the consideration of the only question discussed in the briefs of counsel, namely, whether the plaintiff was entitled to a submission of the case to the jury, on the evidence adduced in support of the second count in the petition.

It has been repeatedly declared by the supervisory courts of this state, that where there is a special contract for materials to be furnished and work to be done, before the contractor can recover on the contract, he must show a substantial compliance with its terms in every essential particular. Yet, where, as in case of building contracts, or for improvements and repairs, the services rendered and the building erected, or improvements made, are of some value to him for whom they were performed, and he has kept and used them, although the thing done may not be such as the contract requires, the contractor may, nevertheless, recover what it is reasonably worth to the owner of the

premises, not exceeding the contract price, after deducting any damages reasonably and approximately resulting from the breach of contract. *Austin v. Keating*, 21 Mo. App. 30; *Smith v. Coal Co.*, 36 Mo. App. 567; *Halpin Mfg. Co. v. School District*, 54 Mo. App. 376; *Globe L. & H. Co. v. Doud*, 47 Mo. App. 439; *Yeats v. Ballentine*, 56 Mo. 530; *Williams v. Railroad*, 112 Mo. 49; *Moote v. Mfg. Co.*, 113 Mo. 98. The ground upon which courts have allowed a recovery on *quantum meruit* is because the materials furnished, or the work done, is of value to the proprietor. *Austin v. Keating, supra*, 35.

The question, therefore, is: Was there any substantial evidence adduced which tended to prove that the defendants kept and used the parts of the mining and pumping plant put in by the plaintiff, under circumstances from which the law will raise the implication of acceptance, creating an obligation to pay the reasonable value of the materials furnished and the work done. There was some evidence adduced tending to show that after the plaintiff furnished materials and performed the work on the said mining and pumping plant, the defendants, as previously stated, erected a frame building around and over it, and still later on made the necessary connections and used and operated the entire plant, and had been so doing for several months prior to the trial of this case. And whether the materials were furnished and the work done in every particular as required by the terms of the contract, does not affect the plaintiff's right of recovery on a *quantum meruit*.

If there is any substantial evidence tending to prove that the materials and the work were of any value to defendants, and that they kept and used the same under circumstances from which the law will raise the implication of acceptance thereof, then defendants were bound to pay plaintiff what the same was reasonably

worth, deducting any damages reasonably and proximately resulting from the breaches of the contract which are alleged in the answer.

It seems clear to us that the evidence adduced by the plaintiff was ample to make out a *prima facie* case on the second count in the petition, and that the court erred in giving the defendants' instruction withdrawing it from the jury. It follows that the judgment must be reversed and cause remanded. All concur.