Boyd v. Camp.

BOYD et al., Defendants in Error, v. CAMP et al., Plaintiffs in Error.

1. Where, from want of compliance with the terms of a written contract or from the fact that its terms have been varied by parol, an action can not be maintained on it, the whole matter is thrown into parol, and the written contract is of no avail except as bearing upon the measure of damages and other like matters.

*Appeal from Warren Circuit Court.*

The points decided are sufficiently apparent from the opinion of the court.

*Mc Clellan, Moody & Hillyer & C. Wells,* for plaintiffs in error.

I. This action is upon a written contract under seal for the delivery of cross-ties. Maurice was not a party to the contract. Credit was given to Camp alone. There was no privity between plaintiffs and Maurice. The demurrer and motion for a new trial were by both defendants. If Maurice had separately demurred on the ground of misjoinder the

suit ought to have been dismissed as to him. Camp has been deprived of the testimony of Maurice by the joining of him as a party. The court erred in overruling the demurrer. The instructions given were erroneous. The jury are instructed that they can find against both defendants. The law of dormant partnership was improperly applied to a contract not of a mercantile character. This contract was not of such as one partner can make in his own name so as to bind the firm. No persons are bound but those who signed it. (See Story on Part. § 102, 136, 142.) The first instruction asked should have been given. (1 Mo. 121.)

*Lewis*, for defendants in error.

I. The objection as to misjoinder could not be considered under the motion in arrest. (R. C. 1855, p. 1231, § 610.) It is immaterial to consider here whether the two defendants could be joined in one suit. The only question is whether upon the facts stated in the petition Maurice can be held liable at all. He is so liable. (2 H. Bl. 235 ; 12 East, 422 ; 8 Car. & P. 345 ; 1 Wash. C. C. 490 ; 5 Bro. 491.) Besides the action was not brought on the contract. (23 Mo. 228 ; 27 Mo. 308 ; 6 N. H. 481 ; 7 Pick. 181 ; 29 Mo. 28.) The instructions given were right. (5 Watts, 454 ; 17 Serg. & R. 165 ; 5 Pet. 529 ; 3 Price, 538 ; Story on Part. § 103 ; Colly. on Part. § 384.) There was no error in the refusal asked for by the defendants. (11 Texas, 273 ; 4 Iowa, 1 ; 5 Mich. 123.)

SCOTT, Judge, delivered the opinion of the court.

This was an action to recover the value of cross-ties for a railroad, brought against the defendants Camp and Maurice. The defendant Camp was under a contract, it seems, to furnish ties to the North Missouri Railroad Company. That he might be enabled to discharge the obligation which rested on him, he entered into a contract under seal with the plaintiffs, by which they were to deliver ties at certain places and within specified periods, and containing other stipulations.

Boyd v. Camp.

The plaintiffs delivered ties under this contract, but not having complied with the terms of it themselves, they could not sue upon it, but brought an action to recover the value of the ties which had been delivered on account of Camp. This action was against both Camp and Maurice; the plaintiffs alleging that they were partners in procuring ties for the North Missouri Railroad Company.

There was a demurrer to the petition, for the reason that Maurice was improperly joined as a co-defendant. Even conceding that the demurrer was in proper form, there can be nothing in it. The action is not on the sealed contract made with Camp. That contract is but inducement to this action, which is brought to recover the worth of the ties the defendants received from the plaintiffs; and as the defendants jointly derived a benefit from their labor and materials, it is nothing but justice that they should jointly pay for them. When a written contract is varied by parol or from any other cause an action can not be maintained upon it, and it is made the inducement to another action to recover the value of the services rendered and materials furnished in consequence of it, the whole matter is thrown into parol, and the written contract is no longer regarded but in ascertaining the value of the services and materials by which the defendant has been benefitted, and other like matters.

The court instructed the jury that unless they found that the damages, sustained by the defendants by reason of the breach of the contract on the part of the plaintiffs, exceeded the amount of the plaintiffs' damages, they would find for the plaintiffs. This instruction it is argued is erroneous, because, under it, the jury could not allow the defendants damages for a breach of the written contract by plaintiffs unless they exceeded the amount of the damages of plaintiffs. The instruction conveys no such idea. It does not direct the jury as to the amount they must find for the plaintiffs. It is consistent with the idea that the plaintiffs' damages must be reduced by the amount of damages the defendants have sustained.

There was no error in the refusal of the court to instruct the jury that Maurice, though a partner and interested when the ties were delivered, was not liable for any ties furnished under the written contract made with Camp alone. This was nothing but a recurrence to the question that had been disposed of by the demurrer. It was alleged, and the jury have found the fact, that the defendants were partners in the matter of furnishing the North Missouri Railroad Company with cross-ties. Being partners and enjoying together the benefits of the contract, they should jointly pay the plaintiffs for furnishing the means by which they reaped those benefits. The other judges concurring, the judgment will be affirmed.