## LANITZ, *Appellant*, v. KING.

1.  **Contract for Sale of Land, Modification of:** WAIVER. Plaintiff agreed, in writing, to purchase certain lots of defendant, it being provided that the purchase money was to be paid in two weeks, when the defendant should give a warranty deed.   Earnest money was paid, which was to be refunded if the title was found imperfect.   Plaintiff was not satisfied with the title, and did not offer to comply with the terms of the contract within two weeks. Some twenty months afterwards, he tendered the purchase money and demanded a deed.   *Held* (1) that he was in default, and could not recover on his original contract ;  (2) that, if the time of payment was waived, before plaintiff could recover on that ground he must set out the waiver in his pleading.

2.  **Pleading :** MODIFICATION OF WRITTEN CONTRACT.   A party may change or modify the terms of a written contract by a subsequent agreement, but when this has been done he must declare on the agreement as modified.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*T. K. Skinker* for appellant.

(1)   The time for the payment of the price was, by mutual consent, extended until respondent should re-

| | |
|---|---|
| 93 | 513 |
| 39a | 201 |
| 40a | 109 |
| 40a | 113 |
| 40a | 226 |
| 93 | 513 |
| 108 | 95 |
| 93 | 513 |
| 50a | 144 |
| 50a | 336 |
| 51a | 99 |
| 51a | 437 |
| 51a | 544 |
| 52a | 487 |
| 93 | 513 |
| 54a | 376 |
| 54a | 381 |
| 93 | 513 |
| 119 | 30 |
| 93 | 513 |
| 57a | 457 |
| 93 | 513 |
| 61a | 132 |
| 61a | 475 |
| 93 | 513 |
| 129 | 204 |
| 131 | 151 |
| 93 | 513 |
| 133 | 198 |
| 93 | 513 |
| 149 | 309 |
| 150 | 625 |
| 93 | 513 |
| 82a | 263 |
| 93 | 513 |
| 86a | 345 |
| 93 | 513 |
| e161 | 121 |
| 93 | 513 |
| 163 | 375 |
| 88a | 277 |
| 93 | 513 |
| 91a | 280 |
| 93 | 513 |
| 96a | [2]292 |
| 96a | [2]294 |

move the defect in his title, or appellant consent to take a warranty deed with such defect. (2) "Where an agreement, in writing, is to be performed on a certain day, and the parties agree to enlarge the time, the declaration, on the day stated in the agreement, though the evidence is of a different day, will support the action." *Thresh v. Rake*, 1 Esp. 53 ; *Russell v. Insurance Co.*, 55 Mo. 585 ; *Insurance Co. v. Kyle*, 11 Mo. 278 ; *Lawrence v. Dole*, 11 Ver. 549 ; *Elfranks v. Seiler*, 54 Mo. 134. (3) Where an action is brought upon a written contract, required to be in writing by the statute of frauds, and the performance thereof has been extended by an oral agreement, or waived by the conduct of the parties thereto, the proof by the plaintiff of such oral agreement, or waiver, and the performance by him thereof, or of his offer and readiness to perform, is not considered a variance from the declaration, nor as making the same obnoxious to the provisions of the statute ; and the action is required to be brought upon the written contract, and not upon the same as modified by the oral agreement. Browne on Stat. of Frauds (Ed. 1870), secs. 423, 424, 425 ; *Cummings v. Arnold*, 3 Met. ( Mass. ) 489 ; *Stearns v. Hall*, 9 Cush. (Mass.) 31 ; *Lerned v. Wannemacher*, 9 Allen (Mass.) 418 ; *Whittier v. Dana*, 10 Allen (Mass.) 326 ; *Thresh v. Rake*, 1 Esp. 53 ; *Neil v. Cheves*, 1 Bailey (S. C.) 537 ; Phillips on Evid. (5 Am. Ed.) 694 ; *Cuff v. Penn*, 1 M. & S. 21 ; *Russell v. Ins. Co.*, 55 Mo. 585 ; *Ins. Co. v. Kyle*, 11 Mo. 278.

*Geo. D. Reynolds* for respondent.

(1) While the authority of an agent to sell land need not be in writing, his authority to sign a memorandum of the contract must be shown. Browne on Statute of Frauds (4 Ed.) section 370 ; *Stewart v. Wood*, 63 Mo. 252 ; *Duffy v. Hobson*, 40 Cal. 240. (2) A court of equity will not enforce a doubtful title on a purchaser.

(3) The respondent denies any new contract was made as claimed by plaintiff, but, if such was the case, such new contract is within the statute of frauds, and is not shown to have been reduced to writing. It concerns land, and is, therefore, void. 1 Smith's Lead. Cas., top page 575; *Wildbahn v. Robidoux*, 11 Mo. 659; *Miltenberger v. Morrison*, 39 Mo. 71. (4) It is a conclusive defence for respondent that the defect in the title was not cured when the suit was brought. (5) Plaintiff cannot sue for non-performance of the original contract and rely on its waiver.

BLACK, J.—Lanitz brought this suit against Chas. E. King, to recover damages for alleged breach of contract for the purchase of real estate. Plaintiff declares upon a written contract, and states that defendant executed the same by his authorized agent, Edgar Miller. The contract sued upon, and read in evidence, omitting the description of the property, is as follows:

" St. Louis, February 25, 1881.

"Received of George Lanitz, fifty dollars, being on account of payment for lots, * * * which I have this day sold him for ten thousand dollars cash, upon the delivery of a warranty deed, the taxes of 1881 to be paid by said George Lanitz. If the title is not found perfect, the above amount to be refunded. Said Lanitz is to have two weeks' time to make arrangements for the payment of the price above named.

" CHARLES E. KING,
" Per EDGAR MILLER."

The petition further states, that plaintiff has, at all times, been ready and willing to carry out the contract; that he tendered to defendant the balance of the purchase price, namely, $9,950, and demanded a deed, and that the defendant refuses to execute and deliver to him a deed to the property. The defendant answered, first,

by way of a general denial, and, among other things, he states that the contract sued upon is not his act, and that Miller was not authorized by him to make the same, or any such a contract. In other defences, he admits that there was a negotiation between him and the plaintiff, which resulted in a verbal agreement, to the effect that if the title was satisfactory to the plaintiff, then defendant would make a warranty deed and plaintiff would pay therefor ten thousand dollars, less fifty dollars, deposited with Miller, within two weeks from the twenty-fifth of February, 1881. He alleges that plaintiff was not satisfied with the title, and refused to take the property, and that the plaintiff did not tender, or offer to pay, the purchase price within the two weeks, and that the option was verbal and void by reason of the statute of frauds, and has been abandoned by both parties.

The evidence for the plaintiff tends to show that Miller, who was a real estate agent, found the plaintiff, Lanitz, and took him to King, the defendant, and, after some dickering, they came to an agreement. Lanitz then offered King fifty dollars, but King said to give it to Miller, who would give him a receipt therefor. Lanitz and Miller then went to the latter's office and Miller executed the receipt in question, which appears to express, in substance, the agreement of the parties. It appears that the property had descended from Willis King, and that the other heirs conveyed to the defendant in order that he might sell it for all of them, he being one of the heirs. Debts had been allowed in the probate court, to the amount of two thousand dollars, against the estate of Willis King, and as these debts had not been paid, the property was liable to be taken in discharge of them. Plaintiff was not satisfied with the title, and there is evidence tending to show that King said he would have the debts settled. Miller and Lanitz had several conversations during the year, and

finally Miller dropped the matter. Lanitz says he had repeated conversations with King, in which King said he expected to have the matter fixed up. Mr. Lanitz endeavored to make it appear that he did not refuse to take the property, but his examination, as a whole, shows clearly that he did not, for a year or more, intend to take the property until the debts were discharged. In October, 1882, Lanitz tendered King the $9,950 and demanded a deed, which the defendant refused to make. The title had not been perfected at the trial of this cause.

The court sustained a demurrer to the evidence, and the plaintiff appealed. Assuming that the evidence tends to show that Miller had authority to make the contract, which it does, and that the stipulation in the agreement, that, if the title was not found perfect, the fifty dollars should be returned to plaintiff, was one for the benefit of the plaintiff only, still it is an admitted fact that the plaintiff did not offer to comply with the contract by paying the money within the two weeks. He did not make the offer until some twenty months after the time he had agreed to make the payment. He was, therefore, in default himself. But his position here is, that the time of payment was waived, and that he may show this waiver under the allegation of his petition, that he complied with the terms of the written contract, which he sets up and offered in evidence ; and in support of this position he cites us to *St. Louis Ins. Co. v. Kyle*, 11 Mo. 278, and *Russell v. Ins. Co.*, 55 Mo. 585.

The first of these cases was an action on a policy of insurance, and the court, after stating that formal deficits in the proofs of loss might be regarded as waived, where the underwriters put their refusal to pay on other grounds, proceeds to say : " Nor do I perceive any objection to such evidence on the ground that the pleadings involve a different issue. It is merely evidence of a

performance. It is not the case of a substitution of a new contract for the old one; it is not an excuse for non-performance by the prevention or discharge of the defendants; but it is evidence of performance." In the other case (*Russell v. Ins. Co., supra*), the averment in the petition was, that plaintiffs had delivered at the company's office a particular account of the loss, as required by the policy. On notice of the fire, the company sent an agent to the place of the loss. The agent inquired after the details of the loss, and before these investigations were completed, the thirty days expired. The proofs of loss were sent to the company, and the agent objected to the want of a detailed account of items, and a corrected statement was sent to the company. The letter calling for a more detailed statement was objected to, and as to this the court said: "The proof of waiver in this case is not an excuse for non-performance at all; it is proof of performance, within the meaning of the condition."

But in the case of *Pier v. Heinrichoffen*, 52 Mo. 333, which was an action on a promissory note, the petition averred that demand of payment was made at the maturity of the note, and that defendant was duly notified thereof. This averment, it was held, did not lay a proper foundation for evidence showing an *excuse* for not making the demand at the time alleged in the petition. Again, in *First National Bank v. Hatch*, 78 Mo. 24, it was said: "When the plaintiff, in his petition, alleges presentment and notice of dishonor, he is not permitted, under the practice act, to prove that defendant waived such conditions in the absence of proper averments of a waiver." These two cases, last cited, were again followed in *Nichols v. Larkin*, 79 Mo. 265.

It is not easy to reconcile the case of *Russell v. Ins. Co., supra*, with the case which preceded it in 52 Mo., nor with those which have followed. But so

far as the present case is concerned, the payment was not made at the agreed time, nor was there any offer to make payment until some twenty months after it should have been made. The effort is to show that, by the subsequent express or implied agreement of the parties, payment was to be deferred until the title was perfected by a discharge of the debts against the estate of Willis King. This is engrafting a new agreement upon the one declared upon by the petition. Parties may change or modify the terms of a written contract, by a subsequent agreement, but when they do they must declare upon the agreement as it stands modified. *Henning v. Ins. Co.*, 47 Mo. 425. This is usually done by setting out the agreement and the modifications thereof. Every substantive fact, which the plaintiff must prove to maintain his action, should, under the practice act, be alleged, so that an issue can be made thereon. Here the plaintiff waked up after twenty months, when the property had greatly increased in value, and says he will take it, though there is an incumbrance thereon; and his right to do this depends upon the fact that defendant had, expressly or impliedly, agreed to the delay. He must tender an issue of that fact, and make proof of it, without which he cannot recover. His action is at law and he must show that he has complied with the contract upon which he sues. If he sues upon a modified contract he must tender an issue of the modification.

We do not consider the question whether such a subsequent parol modification of the written contract would be within the statute of frauds. The judgment is affirmed. All concur.