J. E. MOHNEY, Respondent, v. JAMES I. REED, Appellant.

Kansas City Court of Appeals, March 3, 1890.

*Rehearing denied, March 31, 1890.*

1.   **Waiver:** PLEADING: REPLY. When a petition upon a written contract alleges specific performance of the conditions and obligations on the part of plaintiff, there can be no recovery upon a waiver not pleaded; nor can such waiver, on denial of performance in the answer, be set up in the reply, as the denial makes the issue complete, and the waiver is inconsistent with the allegation of performance in the petition. nor can such allegation in the reply cure the defect of the petition.

Mohney v. Reed.

2.  **Quantum Meruit:** ACTION ON CONTRACT CHANGED TO. On an examination of the evidence the court is confident plaintiff's action should be *quantum meruit*.

*On rehearing.*

3.  **Contract:** INDUCEMENT : QUANTUM MERUIT. On a further examination the court is confirmed in the opinion that this action is on a written contract for building a house and not upon *quantum meruit,* and that the contract is not pleaded as an inducement to another action.

4.  **Waiver:** PLEADING SCIENTER. In order to constitute a waiver there must be knowledge of the true situation, and, in pleading a waiver, there should be an allegation that, knowing the contract had not been performed, the defendant accepted, etc.

5.  ———— : BUILDING CONTRACT : ACCEPTANCE : KNOWLEDGE. In building contracts, where the house is built upon the property of him who has it built, acceptance and use of the work, knowing it was not done in accordance with the contract, is not a waiver.

6.  **Pleading:** WAIVER OF PERFORMANCE V. WAIVER OF DAMAGES. The fact that the reply only pleads a waiver of damages, and not a waiver of performances (if a fact), can make no difference, as the establishment of either will suffice.

*Appeal from the Cass Circuit Court.* — HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

Statement by the court.

The first count of plaintiff's petition is as follows : "Plaintiff complains and alleges :

"(1) That on the fifth day of September, A. D. 1887, at Cass county, Missouri, by contracts under their hands and seals, defendant contracted and agreed with plaintiff to pay plaintiff the sum of sixteen hundred dollars, upon its completion, for the erection of a two-story frame house with kitchen, on the farm of defendant, near Eight Mile, in said county, furnishing the material therefor, and to be erected upon the foundations to be made by defendant. A copy of which contract is herewith filed (the original being under the control of defendant), and made a part of this petition.

"(2) That plaintiff has duly performed all the conditions thereof on his part except that, at instance of defendant, the porch roof was put on with tin at the cost of defendant, and that the flue in the kitchen part of said house, at the instance and request of defendant, was built through into the upper story of main building, and made smaller and longer, at a cost of two ($2.00) dollars extra. And that at the instance and request of the defendant the painting of the house was changed from plain white to colors and trimmed in colors, at an extra cost of fifteen ($15.00) dollars, and for which changes defendant agreed to pay a reasonable sum in addition to the price named in the contract. And that at the instance of defendant the kind and quality of the flooring was changed from W. P. to all yellow pine and at additional cost to plaintiff of three and forty-five-hundredths dollars, and which defendant agreed to pay.

"(3) That the plaintiff on his part duly performed all the conditions of said contract as modified.

"(4) That the sum of twenty and forty-five-hundredths dollars is a reasonable payment to be made in addition to the price named in said contract for changes made at the instance of defendant in flue, painting and flooring aforesaid.

"(5) That defendant, by the terms of said contract, was to haul or deliver at place of building all materials and lumber used in erection of said house, and that defendant wholly failed and neglected, although requested at the time to do so, to haul or deliver the brick or the lumber and sand used in erection of his said house; that by reason of such failure of defendant to deliver or haul said brick and lumber plaintiff was compelled to expend, and did expend, for freight and hauling of brick from Harrisonville, in said county, twenty-five dollars, and for freight on lumber and sand the sums of twenty-eight dollars and thirteen and ninety-hundredths dollars, respectively.

"(6)  That defendant did not have foundations of said house ready until the sixth day of October, long after the time agreed in said contract. That plaintiff had said house entirely completed on the ninth day of December, 1887, and within the time agreed in said contract as extended by delay of defendant in not having foundation ready.

"(7)  That defendant has paid plaintiff fourteen hundred, forty-nine and eighty-four hundredths ($1,449.84) dollars on said contract as modified as aforesaid, and accepted said house thereunder, and has occupied it since its completion.

"(8)  That on the —— day of December, 1887, plaintiff demanded payment of defendant, the sum of $237.51, the sum due him as balance for completion of said house under said contract and as modified, and damages and beside extras.

"(9)  Wherefore plaintiff asks judgment for balance due on said contract as modified, and damages thereon, the sum of $237.51 with interest from date of demand as aforesaid."

Defendant's amended answer is as follows:

"Said defendant for his amended answer to the petition of plaintiff heretofore filed herein denies each and every allegation contained in each of the said counts of said petition, except such as are herein specifically admitted to be true.

"Defendant admits that he made and entered into an agreement or contract with plaintiff at about the time set forth in said petition, by the terms of which he agreed to pay plaintiff the sum of sixteen hundred dollars for building a house and kitchen for defendant at the place, in the time and manner and with the materials in certain specifications and plans described and set forth, which said specifications and plans were attached and made a part of said contract and agreement. That he has paid thereon the sum of $1,485.43.

Mohney v. Reed.

"For another and further defense to the claim of plaintiff as set forth in petition, said defendant states that plaintiff, in said agreement, bound himself and promised to erect and build a house for said defendant as per specifications attached to said agreement and made a part thereof ; and that all work upon and about said house was to be done in a good, workmanlike manner and within the time therein specified ; and all materials in said building were to be such as were mentioned and described in the attached specifications. That the said plaintiff failed, neglected and refused to perform the conditions in his said contract. That he failed,· neglected and refused to furnish the materials used in the construction of said building of the kind and grade specified in said contract ; but instead thereof furnished materials therefor greatly inferior in kind, quality and grade to those required and specified in the contract aforesaid. That said plaintiff further failed, neglected and refused to comply with his said contract in this : That he failed, neglected to perform the work in building said house in a skilful and workmanlike manner ; but, on the contrary, did his work thereon in very defective and unskilful manner. That the said defendant, by reason of the failure of said plaintiff to comply with his contract as aforesaid, has been and is now damaged as follows, to-wit : (1) By reason of the inferior workmanship, unskilful and defective manner in which said work is done on house, exclusive of painting and stairway, is damaged in the sum of two hundred dollars. (2) By reason of the inferior flooring furnished and used in construction of said house, he is damaged in the sum of $40.80. (3) By reason of inferior shingles, $20.80. (4) By reason of inferior studding, ten dollars. (5) By reason of inferior boxing ten dollars. ·(6) By reason of inferior siding furnished therein, $7.10. (7) By reason of an inferior grade of sheeting five dollars. (8) By reason of inferior lumber

and construction of stairway, fifty dollars. (9) By reason of an inferior grade of finishing lumber, $11.60. (10) By reason of an inferior quality and grade of material in scroll work, five dollars. (11) By reason of inferior and unfit joists, the same being placed too far apart, thirty dollars. (12) By reason of inferior and defective flues, eighteen dollars. (13) By reason of improper construction of twenty-two windows, and material therein, twenty-two dollars. (14) By reason of inferior material in doors therein, ten dollars. By reason of inferior paint and painting, fifty dollars.

"Said defendant says that the total damages by reason of the failure of said plaintiff to comply with his part of said contract as set forth in said contract and specifications is, and was, the sum of $490.30; which he asks the court to allow as a set-off or counter-claim against any sum, if any, which may be shown to be due to plaintiff on the trial of this cause. Said defendant further says that in all the items above mentioned he has suffered damages by reason of the fact that plaintiff failed and neglected to comply with his said contract; and furnished him with defective and unfit lumber in the construction of said building and did the work in an unskilful and unworkmanlike manner; and that the above sums are the damages which he has actually sustained thereby; for which defendant prays judgment and for his costs, and all proper relief."

Plaintiff's reply is as follows:

"For reply to the amended answer of defendant plaintiff denies each and every allegation in said answer contained and asks judgment as in petition is prayed.

"For further and other reply to the counter-claims and set-offs averred in said amended answer plaintiff avers that said house was erected upon stone foundation as is averred in said petition and is, and was at completion of said house, a permanent fixture of and on the land of the defendant, and that defendant was, during

the erection of said house, and the delivery of the lumber and materials that were used in its erection, about the same and saw and knew at the time the character, kind and quality of all said lumber and materials, and of the work and labor done in the erection of said house or any work therein, and directed the workmen, and if any changes were had or made in the character of the work done on said house they were had and made with the approval of the defendant, and he assented thereto and waived any damages therefrom. And if any of the materials or lumber was different from that specified in the contract it was seen and inspected by the defendant and approved by him and was used with his knowledge and assent, and was better material.

"Whereupon plaintiff asks judgment as prayed in petition."

*Bailey & Burney*, for the appellant.

If plaintiff desired to rely upon a waiver he should have pleaded it in his petition. A statement of a fact in the reply, which ought to have been stated in the petition, does not cure the defect, and is insufficient. Defendant's motion, therefore, to strike out that portion of the reply upon the subject of waiver, and to strike out the evidence introduced by plaintiff upon that subject should have been sustained. Pomeroy on Rem. & Rem. Rights [2 Ed.] sec. 579; Bliss on Code Pleading, sec. 396; Gould's Pleading, chap. 4, sec. 8, p. 173; Maxwell on Pleading and Practice, chap. 11, p. 80; *Durbin v. Fisk*, 16 Ohio St. 534–539; *Webb v. Bidwell*, 15 Minn. 479–485; *Tullis v. Orthwein*, 5 Minn. 377–381. (2) Where plaintiff sues upon the written contract, and alleges specific performance on his part, he cannot at the trial recover upon a waiver. *Pier v. Heinrichoffen*, 52 Mo. 335 and 336; *Bank v. Hatch*,

78 Mo. 13–24; *Bank v. Westlake*, 21 Mo. App. 572; *Nichols, Shepard & Co. v. Larkin*, 79 Mo. 271.

*Noah M. Given*, for the respondent.

(1) The trial court properly refused to allow defendant to file motion to strike out part of plaintiff's reply, after plaintiff had concluded his evidence in chief. R. S. 3572; R. S. 3586. (2) Plaintiff's action is not upon a written contract. *Marsh v. Richards*, 26 Mo. 106; *Boyd v. Camp*, 31 Mo. 163; *Kelley v. Rowane*, 33 Mo. App. 440. (3) Defendant's amended answer admits plaintiff's right of action. McCary's Pleading, sec. 191; 1 Chitty's Pleading, 526, 532; Stephens' Pleading, 200, *et seq.;* Bliss on Code Pleading, sec. 340; *Wagner v. Ditte*, 2 Mo. App. 254; *Liebke v. Thomas*, 24 Mo. App. 27; *Hay v. Thorp*, 49 Mo. 142; *Jones v. Moore*, 42 Mo. 419; *Emery v. Railroad*, 77 Mo. 340; *Tarwater v. Railroad*, 42 Mo. 193; *Davis v. Brown*, 67 Mo. 313. (4) Defendant waived his right to damages. *Fox v. Pullman*, 16 Mo. App. 127–8; *Pickle v. Ass'n*, 10 Mo. App. 19; 80 Mo. 65; *Tureman v. Stephens*, 83 Mo. 218; *State ex rel. v. Holliday*, 61 Mo. 319; *Williams v. Porter*, 51 Mo. 443; *Lumber Co. v. Warner*, 93 Mo. 386; *Crawford v. Elliott*, 78 Mo. 499; *Stephens v. McKay*, 40 Mo. 224. The motions for new trial and in arrest were properly overruled. *Condy v. Railroad*, 13 Mo. App. 588; 85 Mo. 79; *Schield v. Waldron*, 13 Mo. App. 597; *Fender v. De Wald*, 14 Mo. App. 60; *Pearson v. Railroad*, 14 Mo. App. 580; *Gregory v. Chambers*, 78 Mo. 294; *McAfee v. Ryan*, 11 Mo. 365. The judgment is for the right party and should be affirmed. R. S. 3775; *Gordon v. Eans*, 97 Mo. 588; *Fitzgerald v. Barker*, 96 Mo. 661; *Valle v. Picton*, 91 Mo. 207; *Railroad v. Vivian*, 33 Mo. App. 590; *Bassett .v. Glover*, 31 Mo. App. 150; *Blesse v. Blackburn*, 31 Mo. App. 268; *Imler v. Springfield*, 30 Mo. App. 674.

Mohney v. Reed.

ON MOTION FOR REHEARING.

*Noah M. Given*, for the motion.

(1) (*a*) Plaintiff, in his petition, pleaded that defendant accepted the house under the contract, which was a plea of waiver; (*b*) plaintiff's reply did not plead a waiver of failure to comply with the contract, but a waiver of damages; (*c*) defendant waived any mistake plaintiff may have made in not suing on *quantum meruit*, by pleading, asking instructions, and trying his case upon the theory that it was an action on *quantum meruit;* (*d*) defendant's answer asking damages in recoupment and counter-claim admitted plaintiff's right of action; (*e*) defendant waived his right to damages; (*f*) plaintiff's action is not upon a written contract; (*g*) the judgment below was for the right party, and should be affirmed. *Ins. Co. v. Kyle*, 11 Mo. 292; *Russell v. Ins. Co.*, 55 Mo. 585; *Shultz v. Ins. Co.*, 57 Mo. 550; *Rice v. Railroad*, 63 Mo. 321; *Okey v. Ins. Co.*, 29 Mo. App. 110; *Travis v. Ins. Co.*, 32 Mo. App. 207; *Minor v. Edwards*, 12 Mo. 137.

*Bailey & Burney, contra.*

(1) It is well settled in this state that when a petition upon a written contract alleges specific performance of the conditions and obligations on the part of plaintiff, there can be no recovery upon a waiver not pleaded. *Lanitz v. King*, 93 Mo. 513; *Nichols v. Larkin*, 79 Mo. 271; *Bank v. Hatch*, 78 Mo. 13; *Eyerman v. Cem. Ass'n*, 61 Mo. 490; *Warson v. McElroy*, 33 Mo. App. 554; *Bank v. Westlake*, 21 Mo. App. 572; *Lambert v. Palmer*, 29 Iowa, 104; *Cole v. Wintercost*, 12 Texas, 118; 2 Edwards, Bills and Notes [3 Ed.] sec. 949; *Garvey v. Fowler*, 4 Sand. 665; *Shultz v. Dupuy*, 3 Abb. Pr. 252; *Johnson County v. Lowe*, 72 Mo. 638, 639; *Murphy v. Sherman*, 25 Minn.

196; *Woolsey v. Williams*, 34 Iowa, 413; Pomeroy's Rem. & Rem. Rights, sec. 556. (2) Waiver is an intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish it. *Johnson Co. v. Lowe*, 72 Mo. 639; *Haysler v. Owen*, 61 Mo. 274; *Minor v. Edwards*, 12 Mo. 140, 141 and 142; *Hoxie v. Ins. Co.*, 32 Conn. 40; R. S. 1879, sec. 3511. "Every substantive fact, which the plaintiff must prove to maintain his action, should, under the practice act, be alleged." *Lanitz v. King*, 93 Mo. 519; *Nichols, Shepard & Co. v. Larkin*, 79 Mo. 271; *Bank v. Hatch*, 78 Mo. 24; *Pier v. Heinrichoffen*, 52 Mo. 335 and 336. (3) The allegation that defendant accepted said house thereunder, and has occupied it since its completion, is insufficient to constitute a waiver in an action on a building contract. *Johnson Co. v. Lowe*, 72 Mo. 638; *Haysler v. Owen*, 61 Mo. 274; *Eyerman v. Cem. Ass'n*, 61 Mo. 490, 491; *Yeats v. Ballentine*, 56 Mo. 538.

ELLISON, J.—This action is stated in a petition declaring on a written contract for building defendant a house for a price therein specified. Plaintiff alleges that he duly performed all the conditions of the contract except as to the porch roof, the flue in the kitchen, the painting, and a portion of the flooring, which modifications or changes were made at defendant's request, and for which he agreed to pay. That the contract and its conditions he duly fulfilled as thus modified. There was a second count on an account for a sum amounting to $51.45.

The answer denied the conditions of the contract had been performed and set up damages by way of recoupment, on account, among other things, of plaintiff failing to furnish the kind and grade of material, and that he failed to perform the work in a skilful and workmanlike manner.

The reply pleaded, among other things, that defendant waived any damage by reason of any of said matters of non-compliance alleged in the answer. Evidence was received as to waiver and instructions given in relation thereto. A trial resulted in a verdict for plaintiff and defendant appeals.

I. We are of the opinion that the matter of waiver either in the evidence or instructions should not have been permitted to make its appearance at the trial. It is a well-settled law in this state that, when a petition upon a written contract alleges specific performance of the conditions and obligations on the part of plaintiff, there can be no recovery upon a waiver not pleaded. *Lanitz v. King,* 93 Mo. 513; *Pier v. Heinrichoffen,* 52 Mo. 535; *First Nat. Bank v. Hatch,* 78 Mo. 13; *Nichols v. Larkin,* 79 Mo. 271. We apprehend the court permitted the matter of waiver to come into the case under the allegations in the replication which, as was stated, pleads a waiver. But we think it was not, in this case, proper matter for reply under the code. The statute, section 3524, Revised Statutes, 1879, is that, "where the answer contains new matter, the plaintiff shall reply to such new matter, denying generally or specifically the allegations controverted by him, or any knowledge or information thereof, sufficient to form a belief, and he may allege in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to the new matter in the answer." Now the petition in this case alleges a performance of the contract, and the answer does not set up any new matter as to this, but denies the allegation. The issue is thus complete. Again, the reply, under this statute, may set up, in defense of the new matter in the answer, any new matter not *inconsistent* with the petition. The petition alleges performance, but the reply, in effect, alleges non-performance, in that the performance was waived. This is not consistent with the allegation of the petition.

If the petition had been on a *quantum meruit* and the answer had set up the contract and non-performance, this being new matter, the reply might consistently have met it with the plea of waiver. Such was the case of *Wolfe v. Howes*, 20 N. Y. 197.

So if the petition, being on the contract, had alleged the facts, that is to say, performance of all that was performed and waiver of all that was waived, it would have been proper to receive testimony of the waiver alleged. But an allegation in the reply which ought to have been made in the petition is not sufficient and does not cure the defect. Pomeroy on Rem. and Rem. Rights, sec. 579 ; Gould's Plead., chap. 4, sec. 8, p. 163 ; *Webb v. Bidwell*, 15 Minn. 479 ; *Durbin v. Fisk*, 16 Ohio St. 534.

II   After an examination of the evidence before us we are confident plaintiff's action should be *quantum meruit*. Much of the difficulty surrounding the case now, results from the action being founded on the written contract. When such is the petition there can be no recovery on the *quantum meruit*, and as the judgment will be reversed plaintiff may have the opportunity to amend. Defendant, however, contends that an action on a specific contract cannot be changed by amendment to one on *quantum meruit*. This point was ruled otherwise in *Eyerman v. Mt. Sinai Cem. Ass'n*, 61 Mo. 492.

The foregoing disposition of this case renders it unnecessary to go into a detailed examination of the numerous exceptions taken by defendant at the trial.

The judgment, with the concurrence of all, is reversed and the cause remanded.

### ON REHEARING.

ELLISON, J.—A further examination of this case confirms us in the opinion that the action is on a written contract for building a house and not upon a *quantum meruit*. The authorities cited us by plaintiff

Mohney v. Reed.

appear to have no bearing on the question as it is presented on the petition here considered. It is true, as stated in *Boyd v. Camp*, 31 Mo. 163, that, if "a written contract is so varied by parol, or from any other cause an action cannot be maintained upon it, and it is made the inducement to another action, the whole matter is thrown into parol." But this is not applicable here, as this contract is not made "the inducement to another action," for no other action than one on the contract as modified is stated in the petition. And this is the correct pleading, when the facts bear it out. For when a written contract has merely been modified in some respects and has been performed as modified ( as is alleged here ) it is not thereby abrogated and the action should be on the contract as modified. *Lanitz v. King*, 93 Mo. 519.

It is contended that waiver of the performance of the contract was pleaded in the petition, and that the waiver pleaded in the reply was only a plea of waiver of damages for not performing the contract. That part of the petition claimed to have pleaded a waiver is as follows: "That defendant has paid fourteen hundred and forty-nine and eighty-four-hundredths ( $1449.84 ) dollars on said contract as modified as aforesaid, and accepted said house thereunder, and has occupied it since its completion." In order to constitute a waiver there must exist knowledge of the true situation. The plaintiff must have accepted of a different thing or article to which he was entitled under his contract with a knowledge that it was different. To waive the performance of a contract he must have known it had not been performed. *Minor v. Edwards*, 12 Mo. 137. Now allowing the most that can be made out of this allegation and, for the moment, making no distinction as to building contracts, there should have been some allegation that defendant accepted the house as being built under the contract knowing the contract had not been performed in the things wherein it was not performed. *Johnson Co. v. Lowe*, 72 Mo. 638.

But in building contracts where the house is built upon the property of him who has it built, acceptance and use of the work knowing it was not done in accordance with the contract is not a waiver. The owner is powerless to do anything else, unless he should pull the house down. *Haysler v. Owen*, 61 Mo. 273; *Eyerman v. Cem. Ass'n*, 61 Mo. 490; *Yeats v. Ballentine*, 56 Mo. 530. The latter case fully explains the peculiarity of such contracts.

But it is not necessary to discuss this matter when it is so clearly demonstrated by the petition itself that a waiver is not pleaded and was not intended to be. Throughout its length it iterates and reiterates a performance of the contract as modified. It tenders the issue, point blank, of performance. The single sentence now urged as being a plea of waiver, which implies non-performance, is preceded and succeeded by continuous reference to the contract which is alleged to have been performed.

As stated in the original opinion, the waiver is pleaded in the reply; but counsel now meet us with the assertion that the reply only pleads a waiver of damages; damages, of course, arising by reason of a breach of the contract. By this it must be meant that it requires two waivers to exonerate plaintiff, one a waiver of performance, and the other a waiver of damages for such non-performance. Thus plaintiff would take more upon himself than is necessary. If he establishes a waiver of performance we should be inclined to deny damage against him for non-performance. If he establishes a waiver of damages for non-performance we should be inclined to hold it a waiver of performance. As these propositions embrace exactly the same thing, the establishment of either will suffice.

It is further urged upon us that under a plea of performance a waiver may be proved. This has been so held by the supreme court and this court in insurance

cases as is stated in *Lanitz v. King*, 93 Mo. 519, wherein the seeming inconsistency between such cases and other cases, before and since, are referred to. But the decisions, other than in insurance cases, are uniform in this state, that a waiver cannot be proved under a plea of performance.

We have given careful consideration to the points and authorities presented in respondent's briefs and have arrived at the conclusion that his case, as it now stands, is without merit, and, therefore, reverse the judgment and remand the cause. All concur.

40 113
44 620

*Rehearing denied, March 31, 1890.*