JAMES HALPIN MANUFACTURING COMPANY, Appellant,
v. THE SCHOOL DISTRICT OF THE CITY OF
CALIFORNIA, Respondent.

Kansas City Court of Appeals, March 6 and May 22, 1893.

1. **Evidence:** PLEADING: VARIANCE.  The plea was that the balance
sued for arose under a contract whereby plaintiff agreed to furnish
two number 71 hot-air furnaces. etc., for $850.  The contract offered
in evidence called for two number 61 furnaces, etc., for $440.  *Held*,
a fatal variance and not admissible.

2. **Pleading:** CONTRACT: MODIFICATION BY PAROL.  Parties by a parol
agreement upon sufficient consideration may modify a written con-
tract, and then they should  declare on the agreement as modified by
setting out the original agreement and the modification, as every
substantive fact which must be proved must be alleged so that an
issue can be made thereon.  Adhered to on rehearing and the cases
are discussed and distinguished.

3. ———: INSTRUCTION: ASSUMING FACTS. An instruction should not assume a theory as admitted by the pleadings unless it is so admitted, and its hypothesis should be within the limits of the pleadings.

4. **Evidence**: PLEADING: INSTRUCTION. A party is precluded from making proof of matter not pleaded, and from having an instruction thereon.

5. **Instructions**: ACCEPTANCE: TACITLY: JURY. An instruction in relation to acceptance of certain labor and material otherwise correct should not be refused simply because of the unnecessary use of the word "tacitly" as juries are presumed to understand the meaning and import of common English words.

6. **Building Contracts**: QUANTUM MERUIT: APPLICATION OF RULE. If one party without the fault of the other fails to perform his part of the contract so as to sue on it, still, if the other has derived benefit from the part performed, the law implies a promise to pay such remuneration as the benefit is reasonably worth, and this doctrine applies to contracts for sales, work, labor and material.

*Appeal from the Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Joseph W. Hunter* and *James E. Hazell*, for plaintiff.

(1) The proposition to put in the number 71 furnace for $850 when accepted by defendant constituted a new contract and a rejection of the old one for the number 61 furnace. Hence instructions based on the old contract and guaranty were improper; and numbers 1, 2 and 3 given for defendant should have been refused. *Shickles v. Chouteau, Harrison, Valle I. Co.*, 10 Mo. App. 241. (2) If the furnaces were used and possessed by defendant and were of value to defendant in heating said Aurora school building, then the plaintiff was entitled to recover their worth, not exceeding the contract price, deducting any damage to defendant by reason of plaintiff's failure to comply with its contract; and instructions numbers 1, 2, 3 and

4 asked on behalf of plaintiff should have been given, and instructions numbers 1, 2 and 3 given on behalf of the defendant should have been refused. *Tower v. Pauly*, 51 Mo. App. 75; 2 Missouri Legal News, number 2, p. 46; *Yeates v. Ballentine*, 56 Mo. 530, 538–9; *Fleischman v. Miller*, 38 Mo. App. 177, 180. (3) This being in the nature of a bulding contract and not a contract for the sale of chattels and it being impossible upon the rescission of the contract, to put the plaintiff in *statu quo*, the plaintiff was entitled to recover on a *quantum meruit* on its account and the defendant could recover on its counter-claim only such damage as it proved to the jury that it has sustained by failure of the plaintiff to comply with its contract and the instructions numbers 4 and 6 given on behalf of the defendant directing the jury to assess the amount of damages to defendant on its counter-claim at $500 the amount paid on said finances should have been refused by the court. *Yeates v. Ballentine, supra; Gregg v. Dunn*, 38 Mo. App. 283, 288; *Tower v. Pauly*, Missouri Legal News, *supra*.

*Moore & Williams*, for respondent.

(1) There was no error on the trial in favor of the defendant in the admission or rejection of evidence. (2) The issues raised by the first count in the defendant's answer are properly submitted in defendant's instructions 1 and 2, and upon the second count or counter-claim, in instructions 3 to 5. Instructions 6 and 7 are founded on the pleadings. And the instructions given on the part of plaintiff cover every issue made both in the pleadings and evidence. If any error was committed it was in plaintiff's favor, and is not reversible error. The defense and counter-claims were based upon a special warranty upon which

defendant relies. *Branson v. Turner*, 77 Mo. 489; *Fox v. Palace Car Co.*, 16 Mo. App. 122; 2 Benjamin on Sales [4 Am. Ed.] secs..1348, 1354. (3) This is not a suit upon a *"quantum meruit,"* and hence the doctrine for which plaintiff contends in its brief, points 3 and 5, is untenable. *Eyerman v. Cemetery Ass'n*, 61 Mo. 489. In the case of *Yeates v. Ballentine*, 56 Mo. 530, the action was upon *"quantum valebat"* not on a contract for goods and chattels sold, as in the case at bar. The case of *Gregg v. Owen*, 38 Mo. App. 283 was an action upon a *"quantum meruit.* (4) This is not a suit upon a building contract; it is a suit for goods, wares and merchandise. Plaintiff elected this form of action; the case was tried upon issues made on plaintiff's petition, and it is too late to come into this court and contend that plaintiff made a mistake in choosing its form of action, if such mistake was made. Such a practice would be subversive of all legal rules and a parody on justice. *Tower v. Pauly*, 2 Missouri Legal News, number 2, p. 46, cited by plaintiff, does not sustain such a doctrine. "He is not to be heard who alleges things contradictory to each other." Brown's Legal Maxims, side pp. 168–70. The case of *Mfg. Co. v. Mfg. Co.*, 42 Mo. App. 307 is rather in point, and the rules therein laid down govern this case. *Reed v. Bott*, 100 Mo. 62; *Nanson v. Jacob*, 93 Mo. 332; *Wilson v. Albert*, 89 Mo. 538; *Bank v. Armstrong*, 62 Mo. 59; *Weil v. Posten*, 77 Mo. 284–287; *Clemens v. Yeates*, 69 Mo. 623; *Ensworth v. Barton*, 60 Mo. 511; *Gruetzner v. Furniture* Co., 28 Mo. App. 263; *Electric Co. v. Drue Co.*, 42 Mo. App. 280.

SMITH, P. J.—This is an action to recover a balance of $350 for goods, wares and merchandise sold and delivered to defendant. The answer pleaded in bar a special contract. It was therein alleged and admitted

by the replication, that, in the month of September, 1890, the plaintiff contracted with defendant to furnish and place in the school building of the latter two number 71 hot-air furnaces which should be of sufficient capacity to heat said building to seventy degrees Fahrenheit when the temperature outside was zero. The answer further alleged, and the replication denied, that the plaintiff guaranteed that said furnaces should be complete with all necessary connections to heat said building, and that they should be free from emitting gas and smoke into said building, for which the defendant was to pay $850. The answer set forth in minute detail wherein the furnaces failed to come up to the requirements of the contract it alleged. The replication on the other hand charged that the reason why the furnaces did not heat the building was on account of the neglect and fault of the defendant, which was quite elaborately therein specified. The defendant had judgment and the plaintiff appealed.

At the very threshold of the trial the court committed an error, afterwards repeated and emphasized in the giving of an instruction for the plaintiff, which we think is fatal to the judgment. The court over the objections of the plaintiff permitted the defendant, upon whom under the issue made by the pleadings the burden of proof was primarily cast, to introduce in evidence a written proposition made by plaintiff to the defendant and by the latter accepted, to the effect: *First.* That it would place in defendant's school building two number 61 furnaces complete, set in brick with all proper connections necessary to heat said building for the sum of $440. *Second.* That it would guarantee that said furnaces should be free from emitting gas or smoke into the building; and *third*, that said furnaces would heat said building to seventy degrees Fahrenheit when the temperature would be zero. The introduction

of this contract in evidence did not tend to prove that alleged in the answer. Evidence showing a contract to deliver two number 61 furnaces for $440 with the specific guarantees therein enumerated to be free from emitting gas and smoke, and of a certain heating capacity, would not in the least tend to prove the contract alleged in the answer for the delivery of two number 71 furnaces for $850 with guarantees therein specified. There is a wide variation between the two.

It is insisted that the parol contract for the delivery of the two number 71 furnaces for $850 was made after that in writing which was admitted in evidence, and that the former is but a modification of the latter. No doubt this is a correct view of the matter, but the difficulty is that the answer pleads no such written contract and parol modification thereof. It is the law of this state that parties by a parol agreement upon sufficient consideration may modify or change the terms of a written contract. *Bunce v. Beck*, 43 Mo. 266; *Henning v. Ins. Co.*, 47 Mo. 425. But when they do so they must declare on the agreement as it stands modified. This is usually done by setting out the original agreement and the modification of it. Every substantive fact which the plaintiff must prove to maintain his action should under the practice act be alleged so that an issue can be made thereon. *Harrison v. Railroad*, 50 Mo. App. 332; *Lanitz v. King*, 93 Mo. 513. Here the *allegata* and *probata* do not correspond. It is necessary to allege the original contract and the modification thereof, for otherwise it would be impossible in any case to determine just what the contractual obligations of the parties really are. The original contract not having been alleged it could not be proved. If the original written contract and the subsequent modifications of it had been alleged as it should have been, then the con-

tract introduced in evidence would not have been subject to objection.

The defendant's first instruction told the jury that it is admitted by both plaintiff and defendant in this case that the original contract as to the furnishing and putting in the furnaces in controversy was in writing, and the jury are further instructed by such written contract the plaintiff agreed and guaranteed that it would put in defendant's school building two number 61 hot-air furnaces, and that such furnaces should heat the building to a temperature of seventy degrees Fahrenheit when the thermometer should be at zero as shown by the temperature outside; also that said furnaces should not emit smoke or gas into the building; and if you further believe and find from the evidence, that after making the aforesaid written contract the plaintiff's agent, James Halpin, inspected and examined the school building and thereupon concluded that furnaces of larger capacity were required for heating the building, and proposed a modification of said original contract, and that said proposed modification was only as to the size and heating capacity of the furnaces, which were to be number 71 instead of number 61, and as to the price of such larger furnaces, which were to be $850 instead of $440; and if you further believe that such proposed modifications were accepted by defendant, and that the terms of the original written contract as to furnaces as to heating the building and as to not emitting gas and smoke still remained a part of the modified contract, then you are instructed that if the furnaces put in by plaintiff did not comply with the agreement and guaranty as to heating the building and as to emitting gas and smoke, your findings will be for defendant.

The assumption by this instruction that it is admitted by the pleadings by both plaintiff and defendant

that the original contract for putting in the furnaces was in writing, we do not find sustained by an inspection of the pleadings. This instruction submits to the jury the proper theory of the case, if such had been the structure of the pleadings. It presents a very plain exposition of the provisions of the written contract and then leaves it to the triers of the fact to determine whether plaintiff and defendant entered into a subsequent parol modification thereof as to the size, heating capacity and price, etc., of said furnaces. It is quite clear that the essential facts embraced in its hypothesis are not within the limits of the pleadings, and for this fault it must be condemned. *Aultman-Taylor Co. v. Smith*, 52 Mo. App. 351; *Wright v. Fonda*, 44 Mo. App. 634; *George v. Railroad*, 40 Mo. App. 433; *Moffatt v. Conklin*, 35 Mo. 455; *Bank v. Murdock*, 62 Mo. 73; *Crews v. Lackland*, 67 Mo. 621; *Leonx v. Harrison*, 88 Mo. 495; *Merrett v. Poulter*, 96 Mo. 240; *Noll v. Railroad*, 97 Mo. 74; *Bender v. Dungan*, 99 Mo. 130. And the defendant's other instructions, except the sixth and seventh, are subject to a like infirmity.

No error is perceived in the action of the cour int. refusing plaintiff permission to prove an agreement entered into between plaintiff and defendant whereby the latter promised to repair the said building and the flues therein. The replication alleged no such agreement. If this was one of the modifications of the original written contract and the plaintiff desired to invoke its provisions he should have pleaded it, and not having done so he is precluded from making the proof he offered. And for similar reasons the rulings of the court in rejecting other offers of proof by the plaintiff were properly rejected. In this connection it is not out of place to state that the plaintiff's seventh instruction in respect to the agreement to repair was outside of the limits of the pleadings and should not have been given

for that reason.  But of this plaintiff can have no advantage, and we call attention to it in view of a probable further trial of the cause.

We can discover no error in the action of the court in refusing certain instructions asked by plaintiff, except as to the third, which informed the jury that, although they may believe and find from the evidence that the plaintiff failed to heat said building to 70 degrees, the temperature outside being zero, without the escape of smoke and gas, yet if the jury further find from the evidence that plaintiff erected and placed in said school building two number 71 hot-air furnaces in good and workmanlike manner, and that they were tacitly accepted by the defendant, and were used and possessed by defendant, and were of value to said defendant in warming and heating said building, then the jury will find for the plaintiff the actual value of said furnaces not exceeding the contract price.

The plaintiff's third instruction we think should have been given.  It is true that the word "tacitly" should have been omitted; still we cannot think in view of the evidence that the meaning of this term could have been misunderstood.  Juries are presumed to understand the meaning and import of common English words of which this is one.  The evidence tended to show that the defendant retained the furnaces in their building and paid part of the purchase price, and while there was no formal acceptance of the furnaces under the contract it was not improper to have, as the instruction did, left it to the jury to determine whether or not under the circumstances in evidence there was not a tacit or implied acceptance of it.

Defendant's case seems to place the sale and putting in of the furnaces as an ordinary sale of a chattel, as distinguished from what is known as a builder's contract.  Defendant's instructions were upon the theory

that plaintiff should remove the furnace on being notified of their failure to fill the contract. If the contract was a builder's contract, then the instructions should have been further qualified by allowing defendant the damage sustained, if any. *The Globe L. & H. Co. v. Doud*, 47 Mo. App. 439; *Mohney v. Reed*, 40 Mo. App. 112. The well established rule in this state now is, that if one party without fault of the other fails to perform his part of the contract in such a manner as to sue on it, still, if the other party has derived benefit from the part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part to pay such remuneration as the benefit conferred is reasonably worth and to recover that *quantum* in an action of *indebitatus assumpsit*, and this doctrine applies to cases arising on contracts for sales and on contracts for work and labor and materials. There is no longer any distinction as to the application of this doctrine to any of these cases. It is equally applicable to all alike. Nothing more need be said in respect to the propriety of the action of the trial court in refusing this instruction than to refer to the case of *Smith v. Keith & Perry*, decided by us and reported in 36 Mo. App. 567, where the principles of the rule embodied in this instruction were considered and discussed in the light of the authorities there collated.

We have not overlooked the question as to whether or not the plaintiff has not by its own instructions adopted the very errors of which it complains in respect to the admission of evidence and the giving of instructions for defendant. While some of the plaintiff's instructions approach in that direction within "a hair breadth" of the forbidden line, they do not transcend it. We do not think they should be considered as inviting or adopting the errors to which we have adverted

in noticing the evidence and instructions of defendant. The instructions given for both sides are in other respects, we think, unexceptionable.

Entertaining these convictions it follows that the judgment must be reversed and the cause remanded. All concur.

### ON MOTION FOR REHEARING.

SMITH, P. J.—The defendant is in error in supposing that the rule of pleading announced in *Henning v. Ins. Co.*, 47 Mo. 425 and *Lanitz v. King*, 93 Mo. 513, is applicable alone to cases where the contract is required by the statute of frauds to be in writing.

In the first of these cases the suit was on a contract of insurance. The plaintiffs offered in evidence at the trial an open policy of insurance in many essential particulars different from the contract declared on. To avoid a variance and to bring the contract within the operation of the policy, plaintiff sought to introduce parol evidence to show that the written policy was modified by the agreement of the parties. This evidence was excluded by the trial court. The supreme court declared that, "Parties may by a subsequent parol agreement upon sufficient consideration change or modify their written contract," citing *Bunch v. Beck*, 43 Mo. 266. "But," says the court, "in the present case the written contract is not declared on *nor is suit instituted upon it in any modified form*," and therefore there was "*no error in the action of the court in excluding the evidence*." After thus disposing of the question of pleading and evidence the court proceeded to declare that the *contract sued on, being merely verbal*, was invalid.

In *Baile v. Ins. Co.*, 73 Mo. 371, it was held that an insurance company could make a binding contract

of insurance without writing. In the second of these cases—*Lanitz v. King*—the learned judge who wrote the opinion must be presumed to have been aware of what was ruled in *Baile v. Ins. Co.*, yet he cites with approval and applies the rule of pleading stated in *Henning v. Ins. Co.* This goes to show that the rule there declared was a general rule of pleading and not limited in its application to contracts which are required by the law to be in writing. And this becomes more apparent when the opinion in *Lanitz v. King* is fully scrutinized, for it is there to be seen that the contract was one in writing for the sale of real estate where the purchaser was accorded two weeks time in which to arrange for the payment of the purchase price of the land. The purchaser did not offer to pay the purchase price of the land at the stipulated time, but twenty-one months afterwards he tendered the same and demanded a deed of the seller, which was refused. The purchaser brought suit for damages for the breach of the contract, declaring on the contract as written. At the trial tho purchaser undertook to show a modificatian, or rather facts which amounted to a waiver of the stipulation in the contract as to the time of payment of the purchase price of the land which had not been pleaded. This the trial court refused to permit him to do.

The supreme court solved the question of the propriety of the action of the trial court in excluding this evidence by reiterating and applying the rule of *Henning v. Ins. Co.* And to prevent any misconception of the ruling, it was said in the concluding paragraph of the opinion that, "We do not consider the question whether such subsequent parol modification of the written contract would be within the statute of frauds." So that the court considered the rule in its application to pleadings on contracts in general unaffected by the statute of frauds, or in other words the idea that the

rule was to be applied only in those cases where there is a subsequent parol modification of such contracts as are required by the statute of frauds to be in writing, is expressly negatived. A parol modification of a contract required by the statute of frauds to be in writing can have no existence except perhaps in respect to the consideration in contracts for sale of real estate. *Rucker v. Harrington*, 52 Mo. App. 481; *Smith v. Shell*, 82 Mo. 215. It is thus seen that according to defendant's contention this rule of pleading would have a very limited application indeed, but in this we think it is in error and that the rule applies in every case where the modification of the contract sought to be established is a legal and valid modification of the original contract.

The defendants have misconceived what is declared in *Brown v. Brown*, 90 Mo. 184. The question there was whether certain oral testimony was admitted which it was contended contradicted or varied a written receipt given for the negotiation of a note and the payment of the proceeds thereof. In deciding this in the negative it is declared by the court, that the "Rule which prohibits the introduction of parol contemporaneous evidence does not apply when the original contract was verbal and entire and part only reduced to writing. * * * Nor does the prohibitory rule apply when a complete contract in writing is entered into which is subsequently varied by a parol agreement." From this it is plain that the court was dealing with a rule of *evidence* and not of *pleading*. The case is not in conflict with the two first cases cited, but if it was it would have to yield to the latter ruling made in *Lanitz v. King*.

We can discover no reason for receding from the opinion we have already expressed in the case.