LENOX *et al.*, *Appellants*, v. HARRISON *et al.*, *Administrators*.

1. **Administration** : FINAL SETTLEMENT : EQUITY : PRACTICE. It is only upon the ground that there has been a final settlement, binding and conclusive at law, that a proceeding in a court of chancery can be maintained to set the same aside upon the ground of fraud. And where the petition alleges that the administrator fraudulently failed and refused to publish notice of final settlement, the plaintiffs have no standing in equity, their remedy at law being ample and adequate.

2. **Practice** : PLEADING. A party must abide by the case made by his pleadings ; he can urge nothing inconsistent therewith or repugnant thereto.

3. **Presumptions.** Every one is presumed to govern himself by the rules of right reason, and to properly acquit himself of his engagements and his duty. And the same presumptions are indulged in favor of one occupying no official station, as in favor of one acting in an official capacity.

4. **Fraud** : EVIDENCE : MOTIVE. Evidence tending to show an absence of motive for fraud, or that no injury resulted from the fraud, even if any were committed, is competent to rebut a charge of fraud.

5. —— : PRACTICE. In order to warrant a recovery upon the ground of fraud, there must be a concurrence of both fraud and injury.

6. —— : —— : EQUITY : LACHES. Equity views with disfavor suits brought after the death of one whose estate is sought to be charged, where the fraud alleged was known before such death, and the suit might have been brought during the lifetime of the party ; and where, without reason, the suit is delayed until after his death, such laches must be held fatal.

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

**AFFIRMED.**

88  491
97   18

88  491
99  302

88  491
100   18
100  324

88  491
102  299

88  491
103  665
44a  643

88  491
48a  371

88  491
51a  256
52a  356

88  491
113  579
113  656
54a  378

88  491
118   63
120  169

88  491
121  292
124  688

88  491
65a  567

88  491
140  217

88  491
144  687

88  491
150  231
77a  261

88  491
155   94
f155  382

88  491
87a  483

88  491
167   71
167  425

88  491
92a  8  10

88  491
95a  3 120

Lenox v. Harrison.

*J. B. Harrison* and *D. H. McIntyre* for appellants.

(1) It was error to refuse to strike out the portion of the answer in which it was averred that the administrator had charged himself with nine hundred dollars interest in his final settlement by mistake. The administrator should not be allowed to deny his own solemn acts in this way. Defendants further plead the approval of the final settlement. Their pleas must be consistent. R. S., sec. 3523. The part of the answer setting up that the administrator was entitled to certain credits on his final settlement, on account of worthless notes which were not inserted in the settlement on account of inadvertence, should have been stricken out. *Williams v. Petticrew*, 62 Mo. 640. (2) The fact that nothing more was heard of the claims allowed in 1863, 1864, 1865 and 1866, after they were allowed, is sufficient to warrant the presumption of payment. *Baker v. Stonebraker's Adm'rs*, 36 Mo. 338, and authorities cited. These allowances had the force and effect of judgments. W. S. 103; *Smith v. Sims*, 77 Mo. 269. And they cease to be of any effect after ten years. R. S., sec. 2739; *George v. Middough*, 62 Mo. 549. (3) The administrator was chargeable with the rents collected by him. *Gamble v. Gibson*, 59 Mo. 585; *Dix v. Morris*, 66 Mo. 514. (4) The court erred in holding that the heirs had no interest in the subject matter of the suit. The surplus in the hands of the administrator at the time of final settlement, belonged either to the widow and the heirs or the creditors. The widow was not entitled to more than one-third of the rents, if to any. Scribner on Dower, secs. 15, 16, pp. 59, 60. She was barred by the statute of limitations at the time of bringing this suit. R. S., sec. 3230. And the creditors were barred by the statute which operated against the widow. The statute could not run against Mrs. Tangley and Mrs. Yost for the rea-

son that they were under the disability of coverture at the time of final settlement, in 1874. R. S., sec. 3234. And continued up to the time suit was commenced, except Mrs. Wisbon, whose disabilities were removed in 1879. The statute could not run against Mrs. Perkins until 1877, as she was until that time under the disability of infancy, and had five years after that time in which to bring her action. Sec. 3234, *supra; Caho v. Endress*, 68 Mo. 224 ; *Farrish v. Cook*, 78 Mo. 212. (5) The plea of the statute of limitations set up by defendants, is almost the same as one condemned by this court on the ground that it did not confess and avoid. *Bauer v. Wagner*, 39 Mo. 385. The defendant must plead the statute if he rely upon it. 51 Vt. 106 ; 56 Miss. 346; Bliss on Code Pleading, sec. 355, and note. (6) Fraud may be inferred from tangible, responsible facts in proof. *Funkhouser v. Lay*, 78 Mo. 458. The notice of final settlement does not comply with the statute in its spirit and intent. W. S., sec. 16, p. 110 ; *Brashears v. Heck-lin*, 54 Mo. 102. Taking the administration all through it seems to be tainted with fraud, and for that reason the settlement should be set aside. *Miller v. Major*, 67 Mo. 247.

*L. F. Parker* and *Smith & Krauthoff* for respondents.

(1) The motion to strike out part of defendants' answer, not being incorporated in the bill of exceptions, cannot be noticed by this court. *City of Jefferson v. Opel*, 67 Mo. 394 ; *Collins v. Barding*, 65 Mo. 496 ; *Robinson v. Hood*, 67 Mo. 640. (2) There is no equity in plaintiffs' bill. If the final settlement was made without notice, as alleged in the bill, it was but an annual settlement ; the estate remains open and the settlement is open to attack in the probate court of Miller county—a court of law. *Picot v. Biddle's administrator*, 35 Mo. 29 ; *Baker v. Schoeneman*, 41 Mo. 301 ;

*State ex rel. v. Lankford*, 55 Mo. 564; *Folger v. Heidel*, 60 Mo. 284. (3) In the present state of the case, the question of limitation does not materially affect it. *Nelson v. Brodhack*, 44 Mo. 596. (4) A final settlement made by an administrator has the force and effect of, and is a judgment of the probate court. *Jones v. Brinker*, 20 Mo. 87; *State v. Rowland*, 23 Mo. 95; *Whittlesey v. Dorsett*, 23 Mo. 236; *Mitchell v. Williams*, 27 Mo. 399; *Picot v. Biddle*, 35 Mo. 41; *Lewis v. Williams*, 54 Mo. 200; *Sheetz v. Kestly*, 62 Mo. 417. And such judgments have the force and effect of judgments of the circuit court. Freeman on Judgments, sec. 3190; *Johnson v. Beazley*, 65 Mo. 250. And the rule above invoked, that mere errors in a settlement, a failure by the administrator to make a charge which he should have made, or taking an erroneous credit without proof of some extrinsic, collateral, fraudulent act, will not justify a court of chancery in setting aside such judgment, has been repeatedly applied by this court to judgments of probate courts upon final settlements of administrators. *Mitchell v. Williams*, *supra*; *Picot v. Biddle*, *supra*; *Lewis v. Williams*, *supra*. It may be that there were errors, mistakes, but the doctrine is well and long settled that an allegation of fraud is not sustained by proof of mistake. Bigelow on Fraud, 491; *Mercer v. Lewis*, 39 Cal. 352; *Dudley v. Scranton*, 57 N. Y. 424. Nor by proof of simple illegality. Bigelow Frauds, 492. The case must fail even if grounded upon the theory of constructive fraud. (5) The notice in this case was in substantial compliance with the statute. R. S., sec. 238. (6) There is a defect of parties plaintiff in this, that all the parties to the judgment are not parties to the bill, either plaintiff or defendant. Story's Eq. Pleading [9 Ed.] sec. 72, p. 67. And objection will not be waived on this point where advantage is not taken by demurrer or answer in an equity case. The doctrine is stated by Judge Story, that if the proper parties are

not made, the defendant may either demur to the bill or take the objection by way of answer, or when the cause comes on to hearing, he may object that the proper parties are wanting ; or the court itself may state the objection and refuse to make the decree ; or if a decree is made it may, for this very defect, be reversed on appeal. Story Eq. Plead., sec. 75 ; Calvert on Parties, chap. 2, sec. 4, pp. 113–116 ; 15 Ill. 251–4.

SHERWOOD, J.—This is a proceeding in equity to set aside and annul on the ground of fraud the final settlement of the estate of Wilson Lenox, deceased, made by Thomas C. Harrison, the administrator. Harrison died in 1880, and this proceeding was instituted in 1881. The alleged final settlement occurred in 1874. Upon the hearing of the cause the circuit court found that there was no equity in the plaintiffs' petition, and accordingly dismissed the same.

I. The plaintiffs allege in their petition that Harrison, the administrator, "fraudulently failed and refused to publish a notice to the creditors and parties, as aforesaid, of his intentions to make his final settlement at that term," etc. This allegation of itself shows that plaintiffs have no standing in equity, and no right or claim to equitable interposition in their behalf; for it is only on the basis of there being a final settlement, one binding and conclusive at law, that they have the privilege of coming into a court of chancery, and on the ground of fraud, etc., having their final settlement set aside; obviously, if, as alleged, there was no notice given as required by statute, then the final settlement was null, and the administration of the estate was still open. *Garton v. Botts*, 73 Mo. 274. Consequently the remedy of the plaintiffs is ample and adequate at law. And plaintiffs must abide by the case made by their pleading, and can urge nothing inconsistent therewith or repugnant thereto. *Capital Bank v. Armstrong*, 62 Mo. 59, and cases cited.

II.   But on the merits it is not apparent that any error was committed by the lower court in reaching the conclusion which it did.   The transactions, many of them, to which this suit relates, cover a long period of time, commencing with the grant of letters to Harrison in 1863.   This suit was not brought till after his death. In 1881 the storehouse which he had formerly occupied was destroyed by fire, and many of the books and papers belonging to his estate were destroyed therein.   The subject of the favorable presumptions which are indulged in behalf of persons acting in an official capacity, especially after a long lapse of time has intervened, has been quite extensively discussed in *Long v. Joplin M. & S. Co.*, 68 Mo. 422.   In similar circumstances the like lenient presumptions are indulged in favor of persons who occupy no official station.   Every one is presumed to govern himself by the rules of right reason, and consequently that he acquits himself of his engagements and his duty.   1 Phil. Evid., Cowen & Hill's notes, pp. 604-605, sec. 10.   Moreover, defendants introduced evidence tending to show that Harrison was entitled to credits which, through inadvertence, he had not taken in his last settlement, and which, if taken in place of other credits to which he was not entitled, would have brought out the estate as his debtor in the sum of nearly one thousand dollars.

This was certainly evidence competent to rebut any charge of fraud by showing absence of any motive therefor, as well as no injury resulting from the fraud, even if there were any.   In order to warrant a recovery, or the granting of relief on the ground of fraud, there must be a concurrence of both fraud and injury.   *State ex rel. v. West*, 68 Mo. 229.   And equity views with disfavor suits that are brought after the death of the party whose estate is sought to be charged, where the fraud alleged is known before, and suit might have been brought during the lifetime of the party acquainted

with the whole business, but without reason or excuse such suit is delayed till after his death.

In the case just cited it was said : "Under such circumstances the laches must of itself be held fatal, for it would be to assert a doctrine to the last degree hazardous to say that a complainant, with full knowledge of all the facts on which he relies, can lie quietly by until death comes to his assistance and puts the seal of perpetual silence on the lips of his adversary."

And the idea, that the death of a party against whom fraud is charged, and against whose representatives suit is brought, which might have been brought before, frequently forms a very important constituent element in determining the question of laches, is no new doctrine under the sun. Speaking on this point, in *German-American Seminary v. Kiefer*, 43 Mich. 105, Cooley, J., said : "It would be the height of injustice to permit complainant, with full knowledge of the facts, to delay suit while the persons who were familiar with the facts were one by one passing away, and at last bring suit under circumstances which, at best, must leave the court in doubt whether the remaining evidence does not disclose a partial, defective, and misleading case. A court of equity ought to refuse interference under such circumstances. *Campau v. Van Dyke*, 15 Mich. 371 ; *Russell v. Miller*, 26 Mich. 1." Abundant authorities can be found in support of this position, in addition to those already cited : 1 Fonbl. Eq. 245, note, and cases cited.

Looking, then, to the face of the petition, no showing is made why equity should interfere, and looking to the merits of the cause, and deferring somewhat to the trial court, and considering all the circumstances of the case, the safest course to pursue would seem to be to affirm the judgment. All concur.