## L. O. Madison & Company, Respondent, v. Danville. Mining Company, Appellant.

### Kansas City Court of Appeals, March 23, 1896.

1. **Evidence**: INSTRUCTION: PLEADING. The evidence and instructions. must be confined to the allegations of the pleading; and where the petition alleged that the machinery was to be first-class, evidence tending to compare the machinery in controversy with machinery in another company, is improperly admitted, and an instruction founded upon facts contrary to the petition is improper.

2. **Damages**: INSTRUCTION. A pump was claimed by the contractor to be down two hundred and thirty-five feet. On its failing to drain the mine, the mine owner, thinking the material between the mine and the foot of the pump shaft was impervious to the water, drifted from the mine to the pump shaft to furnish egress of the water to the pump. This drifting showed the pump shaft was only down two hundred and twelve feet. And, for that reason, did not drain the mine. *Held*, in an action for the purchase price of the pump the mine owner could recoup the cost of making the drift as damages.

*Appeal from the Jasper Circuit Court.*—Hon. W. M. Robinson, Judge.

Reversed and remanded.

*Thomas & Hackney* for appellant.

The evidence must correspond with the allegations: and be confined to the point in issue. *Bruce v. Sims,* 34 Mo. 246; *Manufacturing Co. v. School Dist.*, 54 Mo. App. 371; *Altman-Taylor Co. v. Smith*, 52 Mo. App. 351; *Wright* v. *Fonda*, 44 Mo. App. 634; *Bank v. Murdock*, 62 Mo. 73; *Crews v. Lackland*, 67 Mo. 621; *Lenox v. Harrison*, 88 Mo. 491; *State v. Roberts*, 62 Mo. 388; *Seibert v. Allen*, 61 Mo. 482; *Wilson v. Albert*, 89 Mo. 537. A party will not be permitted on the trial to give evidence contradicting his pleadings, nor can he state

one cause of action, and recover on a different one. *Kuhn v. Weil*, 73 Mo. 213; *Weil v. Posten*, 77 Mo. 284. (2) The court committed error in instructing the jury, for the reason that it authorized the plaintiffs to recover the full contract price, even though the machinery and workmanship were not first-class machinery and first-class workmanship. The instructions should conform to the pleadings and not authorize a recovery outside the scope of the pleadings. *Bender v. Dungan*, 99 Mo. 130; *Noll v. Railroad*, 97 Mo. 74; *Merrett v. Poulter*, 96 Mo. 240; *Wilmott v. Railroad*, 106 Mo. 535; *Welsh v. Edmisson*, 46 Mo. App. 282; *Matson v. Frazer*, 48 Mo. App. 302; *State ex rel. v. Sitlington*, 51 Mo. App. 252; *Scott v. Allenbaugh*, 50 Mo. App. 130; *Rhoades v. McNulty*, 52 Mo. App. 301; *Jacquin v. Cable Co.* 57 Mo. App. 320. (3) The court committed error in refusing the instruction asked by the defendant. The plaintiffs' misconduct was the efficient cause, and the injury which followed was such as ought to have been foreseen by plaintiffs as the probable consequence of their failure to place the pump at the required depth and of their false representations that the pump was pumping from a depth of two hundred and thirty-five feet. 1 Sutherland on Damages [1 Ed.], p. 48; 5 Am. and Eng. Encyclopedia of Law, p. 6 and note; *Moulton v. Lanford*, 51 Maine, 134; R. S. of 1889, sec. 2050; *Ritchie v. Haywood*, 71 Mo. 560; *Gordon v. Bruner*, 49 Mo. 570.

*Cunningham & Dolan* for respondent.

(1) It was not the contractual duty of the plaintiffs to put the pump down to a depth of two hundred and twenty-five feet, nor any other depth—that is, the plaintiffs were not to put the pump in the drill hole; this was something for the defendant itself to do. (2) There is

no evidence whatever that the pump rig, nor any part of it, was of inferior materials or construction. There is no evidence that anything furnished by the plaintiffs under the contract was defective or insufficient, but the evidence, on the contrary, is that everything was first-class. This is the evidence of all the witnesses. The defendant accepted everything furnished under the contract, and day by day for about two months continued to work the machinery, making no complaint, declared itself satisfied, and there was no word of dissatisfaction until when, on the second day of July, the defendant's employees, in blasting, shot the working barrel to pieces. (3) An examination of the instructions given and refused, show that every element of fact urged by defendant, under the evidence, was submitted to the jury. And the testimony shows that the jury could not have justly rendered any other verdict. (4) As to the authorities cited in appellant's brief, we do not gainsay any of them; but the established and undisputed facts make it unnecessary to review them.

ELLISON, J.—This action is to recover a balance alleged to be due on a contract to furnish to defendants a lot of mining machinery; and to drill two sixteen inch holes to a depth of two hundred and twenty-five feet, and to case the same where needed. Said machinery to be of first-class workmanship and material. Plaintiff recovered.

The petition alleged that the machinery was to be of first-class material and workmanship. The contract introduced in evidence provided that the machinery should be of the same kind as was then being furnished to the "Richland Mining Company," and evidence of comparison between that furnished to this defendant and that of the Richland company was admitted, over defendant's objection. We deem this to be error.

The plaintiff must be held to the allegations of his petition and tested by the petition the mining implements and material should have been of "first-class material and workmanship," regardless of what material was furnished the Richland company. And for the same reason, plaintiff's first instruction was erroneous in being founded on a state of facts contrary to the allegations of the petition. *Bruce v. Sims*, 34 Mo. 246; *Bank v. Murdock*, 62 Mo. 73; *Lenox v. Harrison*, 88 Mo. 491; *Halpin v. School Dist.*, 54 Mo. App. 371.

The defendant also asked and the court refused an instruction which we here set out, since it fully explains in its hypothesis, the facts upon which it is based:

"If the jury find from the evidence that the plaintiffs agreed to place the pump in the drill hole to a depth of two hundred and twenty-five feet, and that the plaintiffs only placed the pump to a depth of two hundred and twelve feet, and that plaintiffs represented to defendant that they had placed the same to a depth of two hundred and thirty-five feet, and defendant was deceived thereby and that defendant, believing said pump to be pumping from a depth of two hundred and thirty-five feet, and failing to drain its working shaft, and defendant from said representation was induced to believe that the said pump failed to drain said working shaft for the reason that the ground between the pump and the working shaft was so compact that the working of said pump would not drain said working shaft, and was thereby induced to drive a drift from the bottom of the working shaft to the drill hole where the pump was placed, then in estimating defendant's damages, you will take into consideration the necessary cost and expense of driving said drift."

This instruction should have been given, since there was evidence upon which to base it. The defend-

ant, if the matters sought to be put to the jury by this instruction were facts, was led to believe that the hole had been drilled to a depth of two hundred and thirty-five feet, and that the pump had been placed to that depth. Yet, finding that the pump did not relieve the working shaft from water, supposed it was on account of the nature of the earth between the pump and shaft, and for that reason believed the necessity existed to drift from the bottom of the shaft to the pump, when it was discovered that the difficulty was on account of the pump not being to the required depth. Under the circumstances put in the instruction, the plaintiff should be held liable for the cost and expense of "driving the drift."

The court did give, at defendant's instance, an instruction in general terms, as to damages which should be allowed to plaintiff in case the mining material was not as it was alleged it should be; and in case the pump was not sunk as deep as it should have been. But this instruction did not, in the specific terms to which defendant was entitled, cover the particular damage referred to in the refused instruction.

The judgment must be reversed and cause remanded. All concur.