JOSEPH P. MUTH, Ex. of SYLVESTER REUTER, Respondent, v. ST. LOUIS & MERAMEC RIVER RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 4, 1901.

1. **Evidence: PLEADINGS: LIABILITY: ISSUE.** Evidence which tends to prove that one has incurred a liability does not in the remotest degree tend to prove that he has paid that liability, hence, the evidence admitted by the court in the case at bar, that plaintiff had incurred a liability to a hospital and to a doctor, was not rele-

Muth, Ex. v. St. Louis & Meramec Riv. Ry. Co.

vant to any issue made by the pleadings, and should not have been admitted.

2.  ———: ———: ———: PETITION: ALLEGATIONS. And to have authorized the admission of the evidence, the petition should have alleged that the liabilities had been incurred.

3.  ———: ———: ———: ———. Where loss of memory was not specified among the particular injuries received by plaintiff resulting from the negligence of defendant, plaintiff was precluded from recovering for or introducing evidence of loss of memory, because such was not stated in the petition, and was not necessarily implied as a result of the injuries so received.

4.  ———: NON-EXPERT WITNESS. While as to ordinary matters, that come under common observation, a non-expert witness may give an opinion, yet the witness should be able to show that he has some knowledge, some familiarity with the subject about which he is called on to give an opinion, before he is permitted to testify to that opinion.

5.  Carriers of Passengers: DEGREE OF CARE. Carriers of passengers are bound to the utmost care and skill which prudent men are accustomed to use in like or similar circumstances.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

The petition is as follows:

"Sylvester Reuter, plaintiff, v. St. Louis & Meramec River Railroad Company, defendant.

"Comes now the plaintiff in the above entitled cause and for cause of action says:

"Defendant is a corporation duly existing under the laws of the State of Missouri, owning and operating a street railroad, and owning as incident to said business, street railway tracks

and a number of cars which operate upon said tracks by electric force, over, upon and along divers streets in the city of St. Louis, Missouri; that a part of said defendant's tracks run along Manchester avenue and Sarah street, said tracks being continued from the one to the other of said streets by what is known as a curve at the intersection of Manchester road and Sarah street.

"And plaintiff says that on the seventeenth day of September, 1899, between the hours of eight and nine o'clock p. m. he was a passenger upon a certain car of defendant, owned and operated by defendant over said tracks, being car number......, in charge of a motorman and conductor, servants of defendant charged with the duty of operating said car; that while so riding upon said car, and while said car was going east along Manchester avenue, the motorneer and conductor in charge of the same drove and propelled the said car at an excessively high and dangerous rate of speed, and while going at such high and dangerous rate of speed, said servants did drive and propel the said car into and upon the said curve, part of defendant's said track, where the same turns from Manchester avenue into and upon Sarah street. That by reason of the force and speed with which said car was propelled and driven into and upon said curve, the said car on entering the said curve was caused to bound and jerk and turn with so sudden, violent and rapid a motion as that by reason of said motion the plaintiff was thrown from the said car with great force and violence; that being so as aforesaid thrown from said car the plaintiff fell upon the street, striking with his head and face, causing upon his body divers wounds, bruises, lacerations and contusions as follows to-wit:

"Causing upon plaintiff's left brow at the upper portion of the same an irregular scalp wound extending to and laying bare plaintiff's skull; causing upon plaintiff contusions over

his left shoulder and arm, laceration at left elbow, with contusions and extravasation of blood, causing plaintiff's left hand to be very severely contused and lacerated; causing upon plaintiff's body, near his left chest, large and painful bruises, causing plaintiff at the time spitting of blood from internal hemorrhage, and causing to plaintiff other internal injuries, the result of such shock and fall, which plaintiff is unable more particularly to describe from lack of acquaintance with and knowledge of anatomy, but of a very painful and serious nature.

Plaintiff further says that by reason of said fall his clothing was torn from his body, soiled and dirtied and destroyed. That he was compelled to lie in bed for a long time, to-wit, two months, suffering great pain of body and mind, during which time he was unable to labor or perform any service; that he was compelled to expend large sums to hospital for care and nursing at a hospital, and was compelled to expend and lay out large sums for medical attention and medicine, and is not yet restored to his health, but suffers great pain. All to plaintiff's damage in the sum of two thousand five hundred dollars, for which he prays judgment, together with his costs in this behalf incurred."

To which the defendant filed the following answer:

Now comes the defendant and for its answer to the petition of plaintiff filed herein denies each and every allegation in said petition contained.

"Further answering, defendant states that whatever injuries if any, were sustained by plaintiff on the occasion mentioned in plaintiff's petition, by and on account of the matters and things in said petition contained, were caused by the negligence of plaintiff directly contributing thereto.

"Wherefore having fully answered, defendant prays to be hence dismissed with its costs."

For plaintiff the evidence is that he, with his friend Gus

Graulich, between eight and nine o'clock p. m. of September 17, 1899, got on an east-bound car of defendant where Boyle avenue crosses Old Manchester road in the city of St. Louis, intending to go east two blocks and there get off; that both stepped on the rear platform of the car where plaintiff handed the conductor a silver dollar and directed him to take out of it the fare of both plaintiff and Graulich; that plaintiff stood near the entrance to the car and held on to the door waiting for the conductor to hand him his change; that while in this position and before his change was handed to him, the car, running at an extraordinary speed, struck a curve on turning into Sarah street from Old Manchester road with such force, that the lurch made by the rapid turn, threw the conductor, Graulich and plaintiff, from the platform of the car into the street that plaintiff landed in the gutter of the street about fifteen feet from the railway track and was injured by having his scalp bruised and torn, his shoulder and arm injured, his side hurt and one of his hands badly bruised and torn and his clothing ruined by being torn ond covered with mud. That on account of the injuries received he was confined in a hospital for three and half weeks; that his arm was permanently lamed; that since the injury he occasionally spit up blood and that on account of the injury his memory had become bad. That to a hospital and to a physician he had incurred a liability of sixty-seven dollars, no part of which he had paid. That the lurch made by the car on making the curve, was so great that the headlight was wrenched from the front end of the car and fell into the street, and that some of the passengers on the inside of the car were thrown from their seats.

On the part of defendant, the evidence was that it had been raining during a great part of the afternoon of the day of the accident and that the street where the accident occurred was unmade—was a dirt street—that in wet weather wagons in trav-

eling on the railway track would leave mud on the rails, from which the rails would become smeared over and sticky so that it was difficult to effectually apply the car brakes to the wheels; that the grade approaching the curve from the west was a one per cent down grade; that the motorman on the occasion used all the appliances furnished (all the known-in-use ones), to control the speed of the car in approaching and making the curve and that the wheels would slip and slide on the rails, but that he so controlled the car that it did not turn on the curve at more than ordinary speed. That the plaintiff was intoxicated when he boarded the car and was helped up the steps by Graulich and the conductor; that plaintiff was standing about the middle of the platform to the left of the conductor and did not have a hold on the door or anything else, and that when the car struck the curve, he staggered against the conductor and pushed him off and fell himself into the street. That as soon as Graulich and the conductor raised plaintiff up from the street, the conductor, seeing plaintiff's hands were muddy, gave the dollar the plaintiff had handed him, to Graulich.

In rebuttal the plaintiff introduced evidence tending to show that immediately after the accident the motorman said that it was his fault that the accident had occurred; that he did not know they were coming to the curve until the car struck it.

For the plaintiff the court gave the following instructions:

"No. 1. The jury are instructed that the degree of care which the law requires of defendant, in the operation of its cars for carrying passengers, and the degree of care which it was the duty of defendant's employees to use in the management of the car on which plaintiff was riding at the time of the accident, is the highest degree of care which would ordinarily be expected of very prudent persons under the like or similar circumstances; and if, under the circumstances mentioned in the other instructions of the court, you find and believe from

the evidence that the employees of defendant, in running the
car on which the plaintiff was riding, into the curve at the time
of the accident failed to use that degree of care as is defined
in this instruction, then such employees were guilty of negli-
gence.

"No. 2.    The jury are instructed that if you believe and
find from the testimony in this case, to your reasonable satis-
faction, that from the nature of defendant's tracks, at the
place where the accident occurred, and the prudent operation
of electric cars over the curve at the place of the accident, it is
dangerous to passengers for such cars to enter said curve at a
high rate of speed, and that prudent and careful operation of
the cars requires that the speed of cars should be slackened
before entering the curve, or that such car should enter such
curve at a slow or moderate rate of speed; and if you further
find that on the occasion of the accident to plaintiff, under con-
sideration, the employee or employees of defendant in charge
of the car on which plaintiff was riding, carelessly drove and
propelled the car upon and into said curve at a rate of speed
which was dangerous, because such rate of speed was too rapid;
and if you further find that the exercise of such degree of care
as is defined in instruction No. 1, on the part of such employees
would have caused them to run such car into said curve at a
more moderate and slower rate of speed than they actually did
on the occasion of the accident; and if you further find from
the evidence that plaintiff was thrown off the car and injured
by reason of said car being, at the time, run into the curve at
too rapid or at a dangerous rate of speed, and that at the time
the plaintiff was exercising ordinary care for his own safety
on said car (that is to say, such care as a person of ordinary
prudence would ordinarily exercise under the same or similar
circumstances), then your verdict must be for the plaintiff.

"No. 5.    If, under the other instructions, you decide to

find for plaintiff, you will assess his damages at such sum as you believe from the evidence will be a reasonable compensation to him for the bodily and mental pain or suffering he has sustained up to the present time in consequence of the injuries received by him on the occasion in question, as well as for any disfigurement of his person you may find from the evidence to have resulted from such injuries; together with such sum as you may believe from the evidence will be a reasonable compensation to him for injury, if any, to his clothing, occasioned by the accident, and for any reasonable expense or liability for medical services and hospital care and nursing he may have incurred in consequence of his said injuries, not exceeding in all, however, the sum of $2,500."

And for defendant the following:

"No. 4. The court instructs the jury that if they believe from the evidence that the plaintiff, on the occasion in question, omitted to take such reasonable care for his own safety as a person of ordinary prudence would have taken under like and similar circumstances as those surrounding the plaintiff at the time, and that such failure directly contributed to the injuries that he received, then in that case the jury should find a verdict for the defendants."

And refused to give the following:

"(A) The court instructs the jury that if they believe and find from the evidence that at and immediately before the time when plaintiff was injured, he was standing on the platform of defendant's car without holding onto the railing, and without taking such precautions against falling as a person of ordinary care and prudence in the same situation would have taken; and if you further believe and find from the evidence that plaintiff was at the time under the influence of liquor, and by reason thereof did not exercise such care and take such precautions against falling off the car or being thrown off the

said car as a sober person of ordinary care and prudence would have done in the same situation as that of plaintiff at the time, then your verdict should be for defendant.

"(B)   The court instructs the jury that if they believe and find from the evidence that plaintiff was in the habit of riding on defendant's line, along that part of it where the injury in question occurred, and that he knew where the curve was situated (around which the car was moving when said injury took place); and if you further find from the evidence that, by the exercise of ordinary care by taking hold of some part of the said car, plaintiff might have avoided his said injury while the car was passing around said curve, yet that he omitted to exercise such care and was injured in consequence, then your verdict should be for the defendant."

And modified the following:

"No. 3.   The court instructs the jury that if they believe and find from the evidence that at the time plaintiff received the injury of which he complains he was under the influence of liquor, and by reason thereof omitted to take such reasonable care for his own safety as a sober person of ordinary prudence would have taken at the time, in the same situation and circumstances as those of plaintiff at that time, then your verdict should be for the defendant," so as to read as follows: "No. 3.   The court instructs the jury that if they believe and find from the evidence that at the time plaintiff received the injury of which he complains he was under the influence of liquor and, by reason thereof, omitted to take such reasonable care for his own safety as a sober person of ordinary prudence would have taken at the time, in the same situation and circumstances as those of plaintiff at that time, and that such omission directly contributed to the injuries of which he complains, then your verdict should be for the defendant," and gave it in its modified form.

The jury found for plaintiff and assessed his damages at $1,000. Defendant appealed. Since the appeal the plaintiff died, and the suit has been revived in the name of his executor, Joseph P. Muth.

*McKeighan, Barclay & Watts,* and *Robert A. Holland, Jr.* for appellant.

(1) The trial court erred by admitting evidence of plaintiff's liability incurred for expenses of treatment for the injury, under allegations "that he was compelled to expend and lay out" sums for such expenses. McLaughlin v. Railway, 113 Calif. 590; Pritchet v. Boevey, 1 Cr. & M. 775; Cumming v. Hackley, 8 Johns. 202; Duke v. Railroad, 99 Mo. 347. (2) The trial court erred by admitting evidence of the approximate amount of bills rendered for nursing and care of plaintiff by the hospital association, without other proof of the reasonable value of such services. Gumb v. Railroad, 114 N. Y. 411; Schmitt v. Dry Dock Co., 3 St. Rep. (N. Y.) 257. (3) The trial court erred by permitting plaintiff to testify to his opinion of the speed of the train, without any foundation whatever laid by proof of his experience or observation on that subject. Francisco v. Railroad, 78 Hun. 13; Salter v. Railroad, 59 N. Y. 631; Railroad v. Huntly, 38 Mich. 537; Walsh v. Railroad, 102 Mo. 582; Gourley v. Railroad, 35 Mo. App. 87. (4) The trial court erred in declaring defendant liable for a higher degree of care than the law sanctions. The court imposed on defendant duties commensurate with "the highest degree of care which would ordinarily be expected of very prudent persons under the like or similar circumstances." Such is not the law. Jacquin v. Cable Co., 57 Mo. App. 320; Dougherty v. Railroad, 97 Mo. 447; Smith v. Railroad, 108 Mo. 243; Jackson v. Railroad, 118 Mo. 224; Louisville Co. v. Weams, 80 Ky. 420. (5)

The petition specified several particulars of special and general damage, and, having done so, .plaintiff is limited thereto, in the same manner as where specifications of negligence accompany general charges. Railroad v. Measles, 81 Tex. 474; Railroad v. Beasley, 29 S. W. Rep. 1121; Waldhier v. Railroad, 71 Mo. 514. (6) The trial court erred in its own instruction, permitting a recovery for "expense or liability for medical services and hospital care and nursing," when there was no proof of actual expenditure on that account, and the only claim therefor in the petition was for sums expended. Robertson v. Railroad (Mo.), 53 S. W. Rep. 1082; Madison v. Railroad, 60 Mo. App. 609; Barrett v. Tel. Co., 42 Mo. App. 542.

. No brief furnished for respondent.

BLAND, P. J.—The court, over objections of appellant, admitted evidence of the fact that the hospital where respondent was treated had tendered to him a bill of twenty-seven dollars, as due to it for its services, and that the physician's bill of forty dollars for his services had been rendered, but that neither of them had been paid. The contention is that under the allegation that plaintiff "was compelled to expend large sums to hospital for care and nursing at a hospital and was compelled to expend and lay out large sums for medical attendance and medicines," proof of a liability incurred but not discharged, was not admissible.

In Pritchet v. Boevey, 1 Cr. & M. 775, in an action for trespass and false imprisonment, it was ruled that under one allegation, that the plaintiff had been found to pay a large sum of money for costs and attorney's fees, proof of actual payment was necessary and that proof of liability to pay did not support the allegation.

In McLaughlin v. R'y Co., 113 Cal. 590, a personal injury case, it was held that where the complaint avers that plain-

tiff has necessarily expended in doctor's bills, $750, proof that he had incurred a liability to pay that sum to his doctor was inadmissible.

The averments of a petition give notice to the opposite party of what he is called on to meet or defend against. Evidence that is relevant to these averments, that is, evidence which tends to prove one or more of them, is admissible; while it is an unwavering rule that evidence which does not have such a tendency is not admissible. Rutledge v. Mo. Pac. R. R. Co., 110 Mo. 312; Utassy v. Giedinghagen, 132 Mo. 53; Wilson v. Albert, 89 Mo. 537; Lenox v. Harrison, 88 Mo. 491; Harrison v. Mo. Pac. R. R. Co., 74 Mo. 364; Madison v. Danville Mining Co., 65 Mo. App. 564; Halpin Mfg. Co. v. School Dist., 54 Mo. App. 371; White v. Chaney, 20 Mo. App. 389. Evidence which tends to prove that one has incurred a liability does not in the remotest degree tend to prove that he has paid that liability, hence, the evidence admitted by the court that respondent had incurred a liability to a hospital and to a doctor, was not relevant to any issue made by the pleadings, and should not have been admitted. To have authorized the admission of the evidence, the petition should have alleged that the liabilities had been incurred. Pritchet v. Boevey and McLaughlin v. R'y Co., supra; Robertson v. R'y Co., 152 Mo. 382; Morris v. Garland, 144 Mo. 500; Duke v. R'y Co., 99 Mo. 347.

II.   To the admission of the evidence of respondent that his memory had been impaired in consequence of the injury, the appellant objected on the ground that this injury was not specially pleaded, and saved an exception to the ruling of the court in overruling its objection. The evidence was inadmissible for two reasons. First. The respondent specified the particular injuries resulting from the accident. Loss of memory

is not one of them.    In this state of his pleadings, respondent was precluded from recovering for or introducing evidence of · injuries other than those particularly stated in his petition. Ravenscraft v. Mo. Pac. R'y Co., 27 Mo. App. 617; Pinny v. Berry, 61 Mo. loc. cit. 366; Slaughter v. Railroad, 116 Mo. loc. cit. 275, and cases cited; Schneider v. Mo. Pac. R'y Co., 75 Mo. 295; Railroad v. Measles, 81 Tex. loc. cit. 632 (S .C. 29 S. to Ref. 1121).

Second.    The evidence was inadmissible for the reason that loss of memory was not necessarily implied as a result of the injury, and unless specially pleaded, no recovery could be had therefor.    Barrett v. Western U. Tel. Co., 42 Mo. App. 542; Railroad v. Measles, supra; Sedgwick on Damages (8 Ed.), sec. 1170.    "Special damages are required to be stated in the declaration for notice to the defendant and to prevent surprise at the trial," says Mr. Sutherland in volume 1, section 420, of his work on Damages.

III.    Some of the witnesses for respondent were, over the objection of appellant, permitted to give their opinions of the speed of the car at the time of the accident, who showed from their evidence that they had never had any experience in operating such cars; had travelled very little on them and had paid no attention to the speed at which they ordinarily run. While, as to ordinary matters that come under common observation, a non-expert witness may give an opinion, yet, the witness should be able to show that he has some knowledge, some familiarity with the subject about which he is called on to give an opinion, before he is permitted to testify to that opinion.

IV.    Appellant complains of instruction No. 1 given for respondent on account of the following paragraph found in the instruction, to-wit, "the highest degree of care which would be expected of very prudent persons under like or similar cir-

Muth, Ex. v. St. Louis & Meramec Riv. Ry. Co.

cumstances." The contention is that the instruction "imposed on appellant the highest degree of care which would ordinarily be *expected* of very prudent persons under the like or similar circumstances, and makes the carrier an insurer; the word *expect* indicates nothing definite." Carriers of passengers are bound to the utmost care and skill which prudent men are accustomed to use in like or similar circumstances. Joequin v. Grand Ave. Cable Co., 57 Mo. App. 320. As expressed in Clark v. R'y Co., 127 Mo. 205, they are bound to "the highest degree of care of a very prudent person in view of all of the facts and circumstances at the time of the alleged injury."

We find the same rule expressed in many cases decided by the Supreme Court. Among them the following are cited: Sweeney v. Railroad, 150 Mo. 385; Bailey v. Railroad, 148 Mo. 134; Barth v. Railroad, 142 Mo. 550; O'Connell v. Railroad, 106 Mo. 484; Furnish v. Railroad, 102 Mo. 438; Lister v. Railroad, 88 Mo. 55.

Appellant's criticism of the word "expect" as used in the instruction is not justifiable; in view of the stringency of the rule, the word is not so strong or expressive as the word, "utmost," which has been approved when used in the same connection in defining the degree of care the law requires the carrier of passengers to exercise.

V. There was no error in instructing the jury that respondent was a passenger for hire. The uncontradicted evidence is that he handed the conductor a silver dollar, for the purpose of paying his fare, and that while he was waiting for his change he was hurled from the car into the street, and there is no evidence that the dollar was returned to him or to any one for him with his knowledge or consent.

VI. For the reason stated in paragraph I of this opinion, instruction No. 5 given for respondent, permitting a recovery for respondent's liability to a hospital and physician, should

not have been given.

VII.   Instruction No. 3 as asked by appellant precluded a recovery if respondent was guilty of negligence, irrespective of the fact that such negligence did or did not contribute to his injury.   This instruction as modified by the court instructed the jury that the negligence to be available as a defense must have contributed to the injury.   This was unquestionably correct; it is not mere negligence, but contributory negligence that is available as a defense in this class of actions.

Instruction "B" asked by appellant and refused by the court, is covered by instruction No. 3 as modified by the court. Refused instruction "A" contains the same vice as instruction No. 3 asked by appellant, and was properly refused.

The error in admitting evidence that respondent's memory had become impaired in consequence of the injury was not carried into the instruction given on the measure of damages, but the jury were confined, in estimating the damages, to the special injuries alleged in the petition and to respondent's liability for medical services and hospital care.   This error was, therefore, non-prejudicial, as it should be presumed that the jury confined themselves to the instruction and did not go beyond its limits to find elements of injury upon which to estimate the damages.   Nor was error in admitting the evidence of the incompetent witnesses as to the speed of the car, prejudicial; for the physical facts prove beyond peradventure that the car was running at an extraordinary and extremely dangerous speed at the time and place of the accident.

The error of admitting in evidence and of submitting to the jury to find the amount of respondent's liability for medical services and hospital care, may be cured by a remittitur of those amounts, since the evidence definitely fixed these sums in the aggregate at sixty-seven dollars.

For the reason that the errors noted are non-prejudicial

(should sixty-seven dollars be remitted), and from the fact that the evidence clearly shows that the appellant's motorman was guilty of the grossest negligence, indicating either a want of knowledge and skill in the conduct of the business for which he was employed, or a reckless disregard for the lives and safety of the passengers on the car, which negligence caused the injuries complained of by respondent, we conclude that the judgment is for the right party and should be affirmed, if the respondent shall remit sixty-seven dollars of his judgment.   It is therefore ordered that if within ten days the respondent remit sixty-seven dollars of his judgment, the same shall stand affirmed as modified by the remittitur.   Otherwise the judgment shall stand reversed and the cause remanded.

It is further ordered that respondent pay the cost of the appeal, including seventy-six dollars for printed record furnished by the appellant.   All concur; *Goode, J.,* in separate opinion.

### CONCURRING OPINION.

GOODE, J.—I concur in the result of the opinion in this case because, in my judgment, the allegations of the petition, when considered together were sufficient to let in the testimony in regard to the plaintiff's loss of memory.   That testimony was as follows: "Q.   Has this injury affected your memory any?   A.   I think it has.   Q.   Have you discovered any effect upon your memory since this accident which was not so before the accident?   A.   Yes, sir; I have got no memory at all, hardly, and I had a good memory before."

It has been said, "The rule as to special damage is that you may give in evidence any special damage which is the clear and immediate result of the act complained of but you can not give in evidence as special damage any remote conse-

quences." Moore v. Arlan, 2 Chitty, 198. High authority. may be found supporting the admission of testimony no more relevant to the pleadings than the above; in fact, if anything, remoter from the allegations. The following cases may be referred to as entirely apposite: Denver & Rio Grande Railway v. Harris, 122 U. S. 597; Railroad Co. v. Hecht, 115 Ind. 443; Johnson v. McKee, 27 Mich. 471; Yeager v. City of Bluefield, 21 S. E. 752; Babcock v. Railroad Co., 36 Minn. 147; Williams v. Railroad Co., 102 Mich. 537; Railway Co. v. Sullivan (Ill.), 17 N. E. 460; Gidionsen v. Railroad Co., 129 Mo. 392; Brown v. Railroad Co., 99 Mo. 310; Ehrgott v. Mayor, 96 N. Y. 264; Delie v. Railroad Co., 51 Wis. 400; Railway Co. v. Selby, 47 Ind. 471; Schmidt v. Pfiel, 24 Wis 452.