WILLIAM HENRY HICKS, Respondent, v. HAMMOND PACKING COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1914.

1. NEGLIGENCE: Contributory Negligence: Unsafe Stairway. The plaintiff while working for the defendant as a carpenter descended a stairway, which was dark, stepped on a broken step, whereby he slipped and fell and was injured and he sued to recover damages therefor. *Held*, that the court did not err in refusing to give the jury a peremptory instruction to find for defendant.

2. ———: ———: ———. A master is entitled to a reasonable time and opportunity to discover and repair a defect in the place of work which arises during the progress of the work. But where the defect has been in a place a sufficient time, the master will be held to have had constructive notice.

3. ———: Medical Expenses. A recovery cannot be allowed for unpaid medical expenses incurred by plaintiff under an allegation and prayer for no other expenses than those he has incurred and paid.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer*, Judge.

AFFIRMED.

*Samuel I. Motter* and *O. E. Shultz* for appellant.

(1) There was a failure of proof as to defendant's knowledge of the broken step for the reason that plaintiff's own statement shows that the step was not broken for a sufficient time for defendant to have discovered and repaired the same. He is bound by his own statements. Holmes v. Leadbetter, 95 Mo. App. 425; Feary v. Metropolitan Street Railway Co., 162 Mo. 105; Campbell v. Stanberry, 105 Mo. App. 66; Shea v. Seelig, 89 Mo. App. 146; Erwin v. Railroad, 94 Mo. App. 297; Cogan v. Railroad, 101 Mo. App. 188-189; Shanahan v. St. Louis Transit Co., 109 Mo. App. 233. (2) The court committed error in permitting plaintiff to prove that he had incurred medical expense, when the petition alleged that it had been paid. Muth Executor v. Railroad, 87 Mo. App. 422; Stanley v. Railroad, 112 Mo. App. 601; Nelson v. Metropolitan Street Ry. Co., 113 Mo. App. 659.

*Mytton & Parkinson* for respondent.

JOHNSON, J.—While employed as a carpenter in the meat packing establishment of defendant in St.

Joseph plaintiff sustained personal injuries which he alleges were caused by negligence of defendant. The answer is a general denial and a plea of contributory negligence. A trial in the circuit court resulted in a verdict and judgment for plaintiff in the sum of $1375. Defendant appealed.

The injury occurred April 20, 1913, on a stairway connecting the fifth and sixth floors of one of the buildings. Plaintiff and a fellow workman had used the stairway that morning in going to the sixth floor where they had some work to do and were returning down the stairs, the steps of which were made of planks, when a defect in one of the steps caused plaintiff to lose his footing and to sit down so violently on the broken step that he injured the sciatic nerve in his left hip. The fact is not disputed that the tread plank of the step was in a defective condition at the time of the alleged injury and that plaintiff, who followed his companion in descending the stairs, slipped on account of the defect which consisted of a longitudinal split along the middle of the plank and a transverse break across the center of the forward half which made that part of the tread insecure. In their argument on the demurrer to the evidence, which they urge should have been given, counsel for defendant insist that the evidence of plaintiff, as well as that of defendant, shows that the defect in the step was caused that morning after plaintiff had ascended to the sixth floor, and was the result of the accidental dropping of a heavy pipe which was being carried up or down the stairs. Such is the substance of the testimony of defendant's witnesses and it is contended that plaintiff's own testimony conclusively shows that the defect was not in existence when he went to work that morning.

The fact is important in its bearing on the issue of whether or not defendant, as master, exercised reasonable care to provide its servant a reasonably safe place in which to work and the court properly in-

structed the jury to find for defendant if "the defective condition complained of did not exist prior to the day plaintiff was injured." This was an application of the rule that a master is entitled to a reasonable time and opportunity to discover and repair a defect in the place of work which arises during the progress of the work and an expression of the conclusion as one of law that the brief period which elapsed between the ascent and descent of the stairway by plaintiff on that day would not permit constructive notice of a defect created during that period. Consequently in finding for plaintiff the jury, thus instructed, must have believed from the evidence that the defect had been in existence before that day and that in the exercise of reasonable care defendant should have discovered and repaired it. A careful examination of all the evidence has led us to the conclusion that this finding has substantial support and, therefore, that the court did not err in refusing to give the jury a peremptory instruction to find for defendant.

Plaintiff states that the light was so poor that the steps could be seen only in dim and vague outline and that in the ascent he did not observe the defect and had no knowledge of its presence. The fact that the step did not give way at that time but on his descent may be reasonably accounted for. In going up he doubtless stepped on the rear half of the tread which was in sound condition while in coming down he must have stepped on the defective and weakened front half which, as stated, had a transverse break which made it unsafe and insecure.

Another witness introduced by plaintiff testified that the defect had existed for seventeen or eighteen days. The facts and circumstances related by plaintiff are in harmony with that testimony and the jury were entitled to draw the inference that the defect had been there more than two weeks and that owing to the darkness plaintiff, while proceeding with rea-

sonable care, failed to discover it in his ascent of the stairway. In passing on the demurrer we must view the evidence in the light most favorable to the pleaded cause and in so doing we find the questions of defendant's negligence and of plaintiff's contributory negligence involve issues of fact which the triers of fact alone were authorized to determine. The court did not err in refusing to direct a verdict for defendant.

The point made by defendant that error was committed in allowing plaintiff to recover damages for medical expenses which he had incurred on account of his injuries but had not paid rests upon a too strained construction of the petition which alleges that plaintiff "has and will in the future be compelled to expend large sums of money and contract large indebtedness for medicine, medical attention and nursing." Such expenses are a special damage which, if plaintiff would recover, must be specially pleaded and the rule in this State is that a recovery cannot be allowed for unpaid medical expenses incurred by the plaintiff under an allegation and prayer for no other expenses than those he has incurred and paid. [Muth v. Railway, 87 Mo. App. 422; Stanley v. Railway, 112 Mo. App. 601; Nelson v. Railway, 113 Mo. App. 659.]

The rule is very technical and should not be aided in its scope by a strict and illiberal analysis of the pleaded charge. The language of the petition before us is not as clear as it might be but we think the information is sufficiently imparted to defendant that plaintiff was seeking recovery not only of the medical expenses he had paid but also those he had incurred and had not paid.

We find no merit in the point of an excessive verdict. There is evidence tending to show a very severe injury to the important sciatic nerve which resulted in continued severe suffering and physical incapacity and considerable expense. *Neuritis* or traumatic rheu-

matism supervened and while the weight of the expert evidence points to a complete recovery as the eventual outcome, the consequences already suffered have been of such a character that we cannot say the jury exceeded its latitude in the damages assessed. There is no prejudicial error in the record and the judgment is affirmed.

All concur.